IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

**ADRIAN HOYLE,**

    **Plaintiff,**

vs.   CAUSE NO.: 3:21cv171-NBB-RP

    **JURY DEMANDED**

**CITY OF HERNANDO, SCOTT WORSHAM,
in his official capacity as Chief of Police of the
Hernando Police Department, OFFICER
LYNN BROWN, Individually and in his
official capacity as a Hernando Police Officer,
and JOHN DOES 1-25,**

    **Defendants.**

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Adrian Hoyle, by and through counsel Sparkman-Zummach, P.C., and more particularly, Martin Zummach, and files this action pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America arising out of the serious physical and mental injuries that occurred on the evening of September 3, 2020, against the CITY OF HERNANDO, MISSISSIPPI, SCOTT WORSHAM in his official capacity as Chief of Police of the Hernando Police Department, Officer LYNN BROWN individually and in his official capacity as a Hernando Police Officer, and JOHN DOES 1-25, and in support of same would show as follows:

## I. PARTIES

1. Plaintiff, Adrian Hoyle (hereinafter "Hoyle"), an adult resident citizen of Memphis, Shelby County, Tennessee and resided in Memphis, Shelby County, Tennessee at all times relevant to this action.

2. Defendant, City of Hernando (hereinafter "City of Hernando"), is a municipality, duly incorporated under the laws of the State of Mississippi and as such is a political subdivision of the State of Mississippi and, among its other functions, operates and maintains a law enforcement agency known as the Hernando Police Department. The City of Hernando is under a duty to operate its policing activities in a lawful manner and to create and approve policies and procedures so as to preserve the peace of the City of Hernando and the rights, privileges, and immunities guaranteed and secured to persons residing in the United States by the constitutions and the laws of the United States and/or the State of Mississippi. Such municipality is subject to suit pursuant to 42 U.S.C. Section 1983. The City of Hernando may be served with this Complaint by serving Mayor Chip Johnson, City of Hernando, at 475 West Commerce Street, Hernando Mississippi, 38632.

3. Upon information and belief, Defendant, Scott Worsham (hereinafter "Chief Worsham") is a person residing in Hernando, Mississippi. At all times pertinent hereto, Chief Worsham was the Chief of Police for the Hernando Police Department. Chief Worsham was responsible for the day-to-day operations of the Hernando Police Department and was the final policymaker with respect to law enforcement operations for the City of Hernando at all times relevant to this action. Chief Worsham was under a duty to operate the policing activities of the Hernando Police Department so as to preserve not only the peace of the City of Hernando but also to protect persons within the city limits in the City of Hernando, and to preserve their rights,

2

privileges, and immunities guaranteed and secured to them by the constitutions and the laws of the United States and/or the State of Mississippi. Hoyle is bringing this action against Chief Worsham in his official capacity as Chief of Police of the Hernando Police Department. He may be served with process at 475 West Commerce Street, Hernando Mississippi, 38632.

4. Defendant, Lynn Brown (hereinafter "Officer Brown") upon information and belief, is a person residing in Hernando, Mississippi. At all times pertinent hereto, Officer Brown was an employee and officer with the Hernando Police Department, acting under the color of state law and within the course and scope of his employment with the Hernando Police Department. Plaintiff is bringing this action against Officer Brown in both his individual capacity and official capacity as an officer for the Hernando Police Department. Officer Brown may be served at 475 West Commerce Street, Hernando Mississippi, 38632.

5. Upon information and belief, John Does 1-25 are persons residing in Hernando, Mississippi and/or employed by the City of Hernando.

## II. JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over this action as specified in 28 U.S.C. §1331 because this action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is also just and proper as specified in 28 U.S.C. §1343 because Plaintiff brings this action seeking damages for the deprivation of his civil rights under 42 U.S.C. §§1983 and 1988.

7. Venue is proper in this Honorable Court because a substantial part of the events or omissions giving rise to the causes of action alleged in this Complaint occurred within the Northern District of Mississippi and more specifically in Hernando, Hernando Mississippi.

## III. FACTS

8. During the evening hours of September 3, 2020, Officer Brown, without cause or justification, in his Hernando law enforcement vehicle, pursued Hoyle and initiated a traffic stop. Hoyle, after exiting his vehicle, complied with all of the officers' commands, and was in no way resisting when Officer Brown deployed his assigned Hernando Police Department K-9 to attack Hoyle when he was completely defenseless and compliant. After the K-9 savagely mauled Hoyle, one or more officers, including Officer Brown, then began to physically attack and assault Hoyle, and upon information and belief, at least one officer, now referred to as John Doe 1, utilizing his feet and fists, struck Hoyle repeatedly without justification causing additional serious and mental injury.

9. Upon information and belief, John Doe 1, after kicking Hoyle while in custody and cuffed, proceeded to stand on Hoyle's back as if wiping his feet on Hoyle's body as if Hoyle's torso was a floor mat.

10. During this altercation, the officers in question verbally abused Hoyle using epithets to be established at a later time. The physical and mental injuries caused by the conduct of Officer Brown and John Doe 1 as well as other officers coupled with the physical and verbal degradation of Hoyle caused serious and grievous physical and emotional suffering. Hoyle was transported, not by trained medical professionals, but by John Doe 1 or another John Doe in his squad car to Baptist DeSoto Hospital, which, upon information and belief, is also a violation of not only the City of Hernando's policies and procedures, but customary police procedure for the safety and well-being of a criminal suspect who has been savagely mauled by a K-9 while in custody.

11. Hoyle received medical treatment consisting of at least eight (8) sutures to the chest and torso area from the dog puncture and tearing wounds and was prescribed pain medication at which time Hoyle was then transported to the City of Hernando jail and DeSoto County jail wherein, he received no further medical treatment and was required to purchase his own Tylenol from the jail commissary at his own expense.

12. At all times relevant hereto, Officer Brown was acting in his official capacity as a law enforcement officer for the Hernando Police Department and acting under color of state law.

13. The policies, customs, and training of the City of Hernando were the driving force behind the deprivation of constitutional rights sustained by Hoyle.

14. Alternatively, at all times relevant to the complaint herein, Officer Brown was acting in his individual capacity.

### IV. CIVIL RIGHTS VIOLATIONS BY DEFENDANTS

15. The allegations set forth in the previous paragraphs are adopted and incorporated herein by reference. Further, the below allegations are to read as applicable to every cause of action against the Defendants.

16. Defendants, each of them, committed the above described actions and omissions under color of law and under color of their authority as law enforcement officers, substantially depriving Hoyle of his rights, privileges, and immunities guaranteed to him as an individual residing in the United States in violation of 42 U.S.C. § 1983 and deprived him of rights guaranteed to him by the Constitution of the United States of America including, but not limited to, the Fourth and Fourteenth Amendments. Specifically, Hoyle was deprived of rights including, but not limited to (a) freedom from unlawful seizure of his person; (b) freedom from the use of

unjustified and excessive force; and (c) freedom from deprivation of liberty and grievous bodily injury without due process.

17. Prior to September 3, 2020, the City of Hernando permitted, encouraged, tolerated, and ratified an official pattern, custom, and practice by its officers of unsafe behaviors, using excessive and unjustified force, knowing that said practice violated Hoyle's and others' free exercise and enjoyment of rights and privileges secured to them by the Constitution of the United States of America and the Constitution of the State of Mississippi.

18. Defendants directly or with deliberate indifference, under color of law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of officers. By failing to enact proper procedures and policies for disciplining officers that violate the civil rights of persons, such as Hoyle, or by failing to enforce any such policy or procedure by punishing or censuring officers, Defendants have approved, condoned, and ratified the unlawful conduct of officers. Specifically, the City of Hernando law enforcement officers utilized excessive force and acted in deliberate indifference to Hoyle's health and welfare by escalating the situation in an unnecessary fashion. The direct and proximate result of Defendants' actions and/or inactions was that Hoyle suffered severe physical and mental injuries and loss of liberty.

19. The City of Hernando and Chief Worsham have allowed police officers to engage in a pattern of conduct that violates the civil rights of persons residing in or passing through the City of Hernando for years leading up to the serious physical and mental injuries of Hoyle by failing to enforce policies and procedures and by ratifying the unconstitutional conduct of officers by not punishing them and instead allowing them to continue serving as law enforcement officers. The serious physical and mental injuries of Hoyle would be tragic if it were the only time Officer Brown had been found guilty of depriving citizens of their

6

Constitutional rights, but it becomes even more tragic when the overall conduct of the City of Hernando is considered, and the overall picture is seen of a department that has tolerated, ratified and almost encouraged Officer Brown's behavior. It is not enough to have policies that prohibit constitutional violations; the City of Hernando and Chief Worsham must also enforce those policies and must send a clear message to officers that they will not tolerate violations of those policies by officers. Instead of trying to send that message, the City of Hernando and Chief Worsham have chosen to turn a blind eye to the actions of Officer Brown and other flagrant constitutional rights violations by its officers. Upon information and belief, Chief Worsham and the command staff of the Hernando Police Department and very likely the City of Hernando Board of Aldermen not only turned a blind eye but actually protected Officer Brown when discipline was considered by Officer Brown's supervisor(s) but overruled.

20. Defendants deprived Hoyle of fundamental rights guaranteed under the United States Constitution including, but not limited to, the right to be free from unlawful seizure of his person; free from the use of unjustified, unnecessary, and excessive force; and free from the deprivation of life and liberty without due process of law.

21. The unreasonable and excessive use of force against Hoyle deprived him of his right to be free from unreasonable, excessive and deadly force and unreasonable seizure through means intentionally applied under the Fourth Amendment to the U.S. Constitution. Hoyle avers that Officer Brown knew to a moral certainty that engaging in the unjustified use of the police K-9 animal to savagely attack Hoyle was likely to cause severe injury and/or death.

22. Officer Brown was not justified in his use of and further could not reasonably have believed in good faith that the deployment of the K-9 animal was warranted and/or necessary. In support of Hoyle's claim that the conduct of Officer Brown violated his Fourth

Amendment rights, Hoyle relies upon the factual allegations set forth in this Complaint and the custom and pattern of the Hernando Police Department's officers in its failing to enforce its own policies with regard to the use of deadly force. Hoyle would assert that Chief Worsham and the City of Hernando have altogether failed to cultivate a culture of excellence within the Hernando Police Department and have tolerated and ratified the actions of its officers for way too long and was unlawful through its intentional action at worst or apathy at best. These Defendants have created the unconstitutional expectations of their officers that it is acceptable to violate the constitutional rights of persons residing in this City.

23. The City of Hernando does not properly investigate police seizures and use of excessive force on persons or properly discipline officers for those acts. The City of Hernando and its relevant policymakers have failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

24. Municipal policymakers are aware of, condone and facilitate by their inaction, a "code of silence" in the Hernando Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct in this case.

25. The policy, practice and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, despite their obligation under police department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

26. The injuries of Hoyle could have been avoided had the City of Hernando provided better or more training as to the proper use of force. This lack of adequate training amounts to an unconstitutional policy.

27. The City of Hernando was on notice of each and every constitutional violation alleged herein taking place by Hernando Police Department Officers and Officer Brown.

28. As a direct and proximate result of the actions and omissions of the Defendants, Hoyle suffered serious physical and mental injuries and his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution were violated.

29. Hoyle avers that the City of Hernando and Chief Worsham are liable for the actions of Officer Brown and others as set forth above because the City of Hernando and Chief Worsham permitted, encouraged, tolerated, and ratified an official pattern, custom, and practice by its law enforcement officers violating the Federal Constitutional Rights of the public at large during the course of their law enforcement applications. The actions of Officer Brown, as alleged above, were done pursuant to one or more policies, practices and/or customs of the City of Hernando, including but not limited to common police practice and customs regarding use of force.

30. After the incident, the City of Hernando and Chief Worsham determined that Officer Brown had acted appropriately and in compliance with the policies, practices and customs of the Hernando Police Department with respect to the use of force against Hoyle.

31. However, the actions of Officer Brown during this incident were in direct violations of the policies, practices and customs of the City of Hernando and the laws of the United States and the State of Mississippi.

32. Despite violating the policies, practices and customs of the City of Hernando and state law, upon information and belief, Officer Brown was not disciplined, reprimanded or terminated. Accordingly, the City of Hernando and Chief Worsham ratified, condoned, acquiesced in or approved the conduct of Officer Brown in all respects. As the City of Hernando and Chief Worsham determined that the conduct of Officer Brown, as set forth herein, was in compliance with the policies, practices and customs of the City of Hernando and the Hernando Police Department, the City of Hernando and Chief Worsham are directly liable for the actions and constitutional violations of Officer Brown.

33. Moreover, Officer Brown has a long and well-published history of aggression. The City of Hernando violated the civil rights of Hoyle through its policies, lack of policies, and/or customs of hiring, firing, retention and supervision. Such policies and customs were the moving force behind the damages sustained by Hoyle in this case.

34. The City of Hernando believes that Officer Brown acted in accordance with its policies and procedures at all times relevant herein.

35. The City of Hernando and its Police Department either intentionally or willfully maintain an inadequate complaint system for persons residing in the City attempting to put the City on notice of the bad actions of certain officers.

36. The City of Hernando either intentionally or willfully fails to adequately investigate complaints against its officers.

37. The City of Hernando, through the Hernando Police Department, fails to document complaints by persons against officers, so there is no way to determine the amount of complaints against certain officers.

38. The City of Hernando fails to maintain a system that flags officers with multiple complaints against them, whether such complaints are substantiated or "unsubstantiated."

39. The City of Hernando has a "non-complaint" policy wherein complaints to Internal Affairs by persons are often not even recorded as complaints and as such, are not even investigated.

40. The City of Hernando fails to support or maintain an adequate early warning or early intervention system to monitor the behaviors of its officers.

41. The City of Hernando has a grossly disproportionate amount of its police officers being arrested for committing crimes when compared to cities of similar size and racial make-up.

42. The City of Hernando denies such a widespread problem exists within its own force.

43. Such a denial, rather than admission or recognition of an incredibly well-documented history of illegal and/or corrupt police officers, creates a culture within the department wherein Hernando Police Officers believe they can act in violation of persons constitutional rights without consequence.

44. That denial and culture directly contributed and/or fostered, and/or caused the actions of Officer Brown the evening of September 3, 2020.

45. The City of Hernando and Chief Worsham violated the civil rights of Hoyle in that they were deliberately indifferent to the rights of Hoyle and others through their hiring, firing, supervision and retention of officers.

46. As a matter of both policy and practice, the Hernando Police Department and Chief Worsham directly encourage, and are thereby the moving force behind, the very type of

11

misconduct at issue here by failing to adequately train and/or re-train, supervise and control officers, such that their failure to do so manifests deliberate indifference.

47. As a matter of law, policy and practice, the Hernando Police Department and Chief Worsham deny any wrongdoing or misconduct by Officer Brown.

48. As a matter of both policy and procedure, the Hernando Police Department facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct and by failing to train or enforce policies and procedures on the books, if such policies and procedures exist, thereby leading Hernando Police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Hoyle.

49. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Hernando Police Department conduct unlawful seizures and use excessive force on persons, yet the Hernando Police Department makes findings of wrongdoing in a disproportionately small number of cases.

50. The City of Hernando does not properly investigate police seizures of civilians and uses of excessive force or properly discipline officers for those acts.

51. The aforementioned actions and omissions of the Defendants were proximately caused by the policies, practices and customs of the City of Hernando and Chief Worsham, which were also the underlying cause of the serious physical and mental injuries of Hoyle.

52. Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as officers of the Hernando Police Department and substantially deprived Hoyle of his clearly established rights, privileges and immunities

guaranteed to him by the United States through the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. §1983 and 1988.

## V. COMMON LAW CLAIMS

53. Hoyle hereby incorporates all previous allegations and paragraphs within this complaint and further refers the below paragraph to the above claims to the extent they are applicable.

54. Hoyle hereby asserts that the facts as alleged above demonstrate that each Defendant is liable for the serious physical and mental injuries suffered by him by their intentional acts, their acts of negligence, and their willful and wanton conduct. The Defendants each breached their duties owed to Hoyle under the law of the state of Mississippi, which lead to a foreseeable and predictable result.

55. Hoyle further asserts that the City of Hernando is liable for the serious physical and mental injury of Hoyle and all attending damages by the wrongful and/or negligent hiring, supervision and retention of not only Officer Brown, but of a multitude of officers which contributed to the policies and customs and permissive culture of silence and protection for the acts of one another.

56. Hoyle further alleges that the Defendants are liable to him for the negligent and/or intentional infliction of emotional distress as clearly outlined by Mississippi statutory and case law.

57. Hoyle hereby asserts and preserves his right to amend this complaint as further facts are discovered.

## VI. DAMAGES

58. As a direct and proximate result of the acts and/or omissions of Defendants, Hoyle suffered serious physical and mental injury on the evening of September 3, 2020. The injuries for which Hoyle seeks compensation, include, but are not limited to:

    a.    Physical injuries;

    b.    Mental injuries;

    c.    Medical expenses;

    d.    Infliction of emotional distress, negligent, and/or reckless and/or intentional, upon Hoyle;

    e.    Prejudgment interest and/or post-judgment interest and statutory and discretionary costs to the extent permitted by law;

    f.    Attorney fees pursuant to applicable law, including but not limited to 42 U.S.C. § 1988;

    g.    Injunctive and/or declaratory relief that the acts and conduct set forth above were unconstitutional, and precluding them from engaging in such activities in the future; and

    h.    All such further relief, both general and specific, to which they may be entitled under the premises.

    i.    It was foreseeable that the above damages would be sustained as a result of the policies, customs, lack of training, actions, and omissions of Defendants.

## VII. PUNITIVE DAMAGES

59. The allegations set forth in the previous paragraphs are adopted and incorporated herein by reference.

60. The actions of Defendants were performed intentionally, recklessly, fraudulently and/or maliciously, thus entitling Hoyle to a substantial award of punitive damages under applicable law.

## VIII. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Hoyle respectfully prays:

1. That proper process be issued against the Defendants requiring them to plead and answer.

2. That Hoyle be awarded a judgment against the Defendants in an amount not less than FIVE MILLION DOLLARS ($5,000,000.00) in actual and compensatory damages for the serious physical and mental injuries of Hoyle.

3. That Hoyle be awarded punitive damages in an amount not less than FIVE MILLION DOLLARS ($5,000,000.00) for Defendants' grossly negligent, reckless and/or willful acts and/or omissions in this case, where such actions caused actual damages to Hoyle.

4. That Hoyle be granted such other relief, general or specific, that this Court deems equitable and just.

5. That the costs of this action including discretionary costs be awarded to Hoyle.

6. That a jury of Hoyle's peers be empaneled to try these issues.

7. That Hoyle reserves the right to amend these pleadings to conform to the facts of this matter.

**HOYLE DEMANDS A TRIAL BY JURY FOR ALL CLAIMS ALLOWABLE BY LAW WHEN THE ISSUES ARE JOINED HEREIN.**

Respectfully Submitted,

SPARKMAN-ZUMMACH, P.C.

*S/Martin Zummach*
Martin Zummach (MS #9682)
7125 Getwell Road, Suite 201
Southaven, MS 38671
662.349.6900 Office
662.349.6800 Fax