# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI

**ADRIAN HOYLE,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　**CAUSE NO.: 3:21-cv-171NBB-RP**
　　　　　　　　　　　　　　　　　　　　　　　　**JURY DEMANDED**

**CITY OF HERNANDO, SCOTT WORSHAM,**
**in his official capacity as Chief of Police of the**
**Hernando Police Department, OFFICER**
**LYNN BROWN, Individually and in his**
**official capacity as a Hernando Police Officer,**
**and JOHN DOES 1-25,**

    **Defendants.**

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Adrian Hoyle, by and through counsel Sparkman-Zummach, P.C., and more particularly, Martin Zummach and, pursuant to Rule 15[FN1] of the Federal Rules of Civil Procedure and files this his Amended Complaint against the Defendants pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America arising out of the serious physical and mental injuries that occurred on the evening of September 3, 2020, and in support of same would show as follows:

---

[FN1] Rule 15 (a) Amendments Before Trial. (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

No responsive pleading, in the case at hand, to the original Complaint has been filed by any named Defendant.

## PARTIES

1. Plaintiff, Adrian Hoyle (hereinafter "Hoyle"), an adult resident citizen of Memphis, Shelby County, Tennessee and resided in Memphis, Shelby County, Tennessee at all times relevant to this action.

2. Defendant, City of Hernando (hereinafter "City of Hernando"), is a municipality, duly incorporated under the laws of the State of Mississippi and as such is a political subdivision of the State of Mississippi and, among its other functions, operates and maintains a law enforcement agency known as the Hernando Police Department. The City of Hernando is under a duty to operate its policing activities in a lawful manner and to create and approve policies and procedures so as to preserve the peace of the City of Hernando and the rights, privileges, and immunities guaranteed and secured to persons residing in the United States by the constitutions and the laws of the United States and/or the State of Mississippi. Such municipality is subject to suit pursuant to 42 U.S.C. § 1983. The City of Hernando may be served with this Complaint by serving Mayor Chip Johnson, City of Hernando, at 475 West Commerce Street, Hernando Mississippi, 38632.

3. Upon information and belief, Defendant, Scott Worsham (hereinafter "Chief Worsham") is a person residing in Hernando, Mississippi. At all times pertinent hereto, Chief Worsham was the Chief of Police for the Hernando Police Department. Chief Worsham was responsible for the day-to-day operations of the Hernando Police Department and was the final policymaker with respect to law enforcement operations for the City of Hernando at all times relevant to this action. Chief Worsham was under a duty to operate the policing activities of the Hernando Police Department so as to preserve not only the peace of the City of Hernando but also to protect persons within the city limits in the City of Hernando, and to preserve their rights,

privileges, and immunities guaranteed and secured to them by the constitutions and the laws of the United States and/or the State of Mississippi. Hoyle is bringing this action against Chief Worsham in his official capacity as Chief of Police of the Hernando Police Department. He may be served with process at 475 West Commerce Street, Hernando Mississippi, 38632.

4. Defendant, Lynn Brown (hereinafter "Officer Brown") upon information and belief, is a person residing in Hernando, Mississippi. At all times pertinent hereto, Officer Brown was an employee and officer with the Hernando Police Department, acting under the color of state law and within the course and scope of his employment with the Hernando Police Department. Plaintiff is bringing this action against Officer Brown in both his individual capacity and official capacity as an officer for the Hernando Police Department. Officer Brown may be served at 475 West Commerce Street, Hernando Mississippi, 38632.

5. Upon information and belief, John Does 1-25 are persons residing in Hernando, Mississippi and/or employed by the City of Hernando.

## I. JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over this action as specified in 28 U.S.C. §1331 because this action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is also just and proper as specified in 28 U.S.C. §1343 because Plaintiff brings this action seeking damages for the deprivation of his civil rights under 42 U.S.C. §§1983 and 1988.

7. Venue is proper in this Honorable Court because a substantial part of the events or omissions giving rise to the causes of action alleged in this Complaint occurred within the Northern District of Mississippi and more specifically in Hernando, Hernando Mississippi.

## II. FACTS

8. During the evening hours of September 3, 2020, Officer Brown, who was not on duty at the time, and without cause or justification, in his Hernando law enforcement vehicle, pursued Hoyle and initiated a traffic stop by ramming his law enforcement vehicle into the vehicle operated by Hoyle. Hoyle, before exiting his disabled vehicle, complied with all of the officers' commands with his hands above his head clearly visible and gesturing submission and surrender, and was in no way resisting when Officer Brown deployed his assigned Hernando Police Department K-9 to attack Hoyle when he was completely defenseless and compliant. After the K-9 savagely mauled Hoyle, one or more officers, including Officer Brown, then began to physically attack and assault Hoyle, and upon information and belief, at least one officer, now referred to as John Doe 1, utilizing his feet, fists, as well as a hard object used as a weapon, struck Hoyle repeatedly without justification causing additional serious physical and mental injury.

9. Upon information and belief, John Doe 1, after kicking Hoyle while in custody and cuffed, proceeded to stand on Hoyle's back as if wiping his feet on Hoyle's body as if Hoyle's torso was a floor mat.

10. During this altercation, the officers in question verbally abused Hoyle using epithets to be established at a later time. The physical and mental injuries caused by the conduct of Officer Brown and John Doe 1 as well as other officers, coupled with the physical and verbal degradation of Hoyle, caused serious and grievous physical and emotional suffering. Hoyle was transported, not by trained medical professionals, but by John Doe 1 or another John Doe in his squad car to Baptist DeSoto Hospital, which, upon information and belief, is also a violation of

4

not only the City of Hernando's policies and procedures, but customary police procedure for the safety and well-being of a suspect who has been savagely mauled by a K-9 while in custody.

11. Hoyle received medical treatment consisting of at least eight (8) sutures to his leg from the dog puncture and tearing wounds and was prescribed pain medication at which time Hoyle was then transported to the City of Hernando jail and DeSoto County jail wherein, he received no further medical treatment and was required to purchase his own Tylenol from the jail commissary at his own expense.

12. At all times relevant hereto, Officer Brown, as well as John Doe 1, were acting in their official capacity as law enforcement officers for the Hernando Police Department and acting under color of state law.

13. The policies, customs, and training of the City of Hernando were the driving force behind the deprivation of the constitutional rights sustained by Hoyle.

14. Alternatively, at all times relevant to the complaint herein, Officer Brown and John Doe 1 were acting in their individual capacity.

### IV. SPOILATION OF EVIDENCE

15. The allegations set forth in the previous paragraphs are adopted and incorporated herein by reference. Further, the below allegations are to read as applicable to every cause of action against the Defendants.

16. On February 10, 2021, a spoilation letter was mailed to Mayor Tom Ferguson as representative of the City of Hernando, Chief Worsham and Officer Brown. A copy of the spoilation letter is attached as Exhibit "A," and a copy of the receipt showing that it was sent and delivered is attached as Exhibit "B."

17. Since the filing of the underlying lawsuit, and upon information and belief, counsel for Hoyle has been made aware that in fact, contrary to the request made in the attached spoilation letter, the City of Hernando, the Hernando Police Department and in particular, Officer Brown, have intentionally or with gross negligence altered or discarded or destroyed business records and evidence surrounding the incident sued upon herein.

18. Hoyle will strenuously urge a full and complete examination of the conduct of the command staff and the City of Hernando because upon information and belief, not only was the command staff and Chief Worsham fully aware of the tampering with and destruction of official business records, reports and evidence, but they encouraged it and pressured other employees of the City of Hernando to assist in the cover up.

19. While it appears to be common knowledge that Officer Brown has saved all of his photographs from the incident in question, because he shares them with other employees and members of the public, it is not so clear if the City of Hernando complied with the attached spoilation letter.

## V. CIVIL RIGHTS VIOLATIONS BY DEFENDANTS

20. The allegations set forth in the previous paragraphs are adopted and incorporated herein by reference. Further, the below allegations are to read as applicable to every cause of action against the Defendants.

21. Defendants, each of them, committed the above described actions and omissions under color of law and under color of their authority as law enforcement officers, substantially depriving Hoyle of his rights, privileges, and immunities guaranteed to him as an individual residing in the United States in violation of 42 U.S.C. § 1983 and deprived him of rights guaranteed to him by the Constitution of the United States of America including, but not limited

to, the Fourth and Fourteenth Amendments. Specifically, Hoyle was deprived of rights including, but not limited to (a) freedom from unlawful seizure of his person; (b) freedom from the use of unjustified and excessive force; and (c) freedom from deprivation of liberty and grievous bodily injury without due process.

22. Prior to September 3, 2020, the City of Hernando permitted, encouraged, tolerated, and ratified an official pattern, custom, and practice by its officers of unsafe behaviors, using excessive and unjustified force, knowing that said practice violated Hoyle's and others' free exercise and enjoyment of rights and privileges secured to them by the Constitution of the United States of America and the Constitution of the State of Mississippi.

23. Defendants directly or with deliberate indifference, under color of law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of officers. By failing to enact proper procedures and policies for disciplining officers that violate the civil rights of persons, such as Hoyle, or by failing to enforce any such policy or procedure by punishing or censuring officers, Defendants have approved, condoned, and ratified the unlawful conduct of officers. Specifically, the City of Hernando law enforcement officers utilized excessive force and acted in deliberate indifference to Hoyle's health and welfare by escalating the situation in an unnecessary fashion. The direct and proximate result of Defendants' actions and/or inactions was that Hoyle suffered severe physical and mental injuries and loss of liberty.

24. The City of Hernando and Chief Worsham have allowed police officers to engage in a pattern of conduct that violates the civil rights of persons residing in or passing through the City of Hernando for years leading up to the serious physical and mental injuries of Hoyle by failing to enforce policies and procedures and by ratifying the unconstitutional conduct of officers by not punishing them and instead allowing them to continue serving as law

7

enforcement officers. The serious physical and mental injuries of Hoyle would be tragic if it were the only time Officer Brown had been found guilty of depriving citizens of their Constitutional rights, but it becomes even more tragic when the overall conduct of the City of Hernando is considered, and the overall picture is seen of a department that has tolerated, ratified and almost encouraged Officer Brown's behavior. It is not enough to have policies that prohibit constitutional violations; the City of Hernando and Chief Worsham must also enforce those policies and must send a clear message to officers that they will not tolerate violations of those policies by officers. Instead of trying to send that message, the City of Hernando and Chief Worsham have chosen to turn a blind eye to the actions of Officer Brown and other flagrant constitutional rights violations by its officers. Upon information and belief, Chief Worsham and the command staff of the Hernando Police Department and very likely the City of Hernando Board of Aldermen not only turned a blind eye but actually protected Officer Brown when discipline was considered by Officer Brown's supervisor(s) but overruled.

25. Defendants deprived Hoyle of fundamental rights guaranteed under the United States Constitution including, but not limited to, the right to be free from unlawful seizure of his person; free from the use of unjustified, unnecessary, and excessive force; and free from the deprivation of life and liberty without due process of law.

26. The unreasonable and excessive use of force against Hoyle deprived him of his right to be free from unreasonable, excessive and deadly force and unreasonable seizure through means intentionally applied under the Fourth Amendment to the U.S. Constitution. Hoyle avers that Officer Brown knew to a moral certainty that engaging in the unjustified use of the police K-9 animal to savagely attack Hoyle was likely to cause severe injury and/or death.

8

27. Officer Brown was not justified in his use of and further could not reasonably have believed in good faith that the deployment of the K-9 animal was warranted and/or necessary. In support of Hoyle's claim that the conduct of Officer Brown violated his Fourth Amendment rights, Hoyle relies upon the factual allegations set forth in this Complaint and the custom and pattern of the Hernando Police Department's officers in its failing to enforce its own policies with regard to the use of deadly force. Hoyle would assert that Chief Worsham and the City of Hernando have altogether failed to cultivate a culture of excellence within the Hernando Police Department and have tolerated and ratified the actions of its officers for way too long and was unlawful through its intentional action, at worst, or apathy, at best. These Defendants have created the unconstitutional expectations of their officers that it is acceptable to violate the constitutional rights of persons residing or passing through Hernando, Mississippi.

28. The City of Hernando does not properly investigate police misconduct, unlawful seizures and use of excessive force on persons, or, properly discipline officers for those acts. The City of Hernando and its relevant policymakers have failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

29. Municipal policymakers are aware of, condone and facilitate by their inaction, a "code of silence" in the Hernando Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct in this case.

30. The policy, practice and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, despite their obligation under police department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigations in order

to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution. Worse, when law abiding law enforcement officers of the Hernando Police Department learn of police misconduct and attempt to report or remedy or discipline officers, and Officer Brown in particular, Chief Worsham and members of his command staff aggressively interfere with attempts to report, discipline or remedy the violations through means of intimidation, harassment and direct unlawful orders.

31. The injuries of Hoyle could have been avoided had the City of Hernando provided better or more training as to the proper use of force. This lack of adequate training amounts to an unconstitutional policy.

32. The City of Hernando was on notice of each and every constitutional violation alleged herein taking place by Hernando Police Department Officers, Officer Brown and John Doe 1.

33. As a direct and proximate result of the actions and omissions of the Defendants, Hoyle suffered serious physical and mental injuries and his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution were violated.

34. Hoyle avers that the City of Hernando and Chief Worsham are liable for the actions of Officer Brown and John Doe 1 as set forth above because the City of Hernando and Chief Worsham permitted, encouraged, tolerated, and ratified an official pattern, custom, and practice by its law enforcement officers violating the Federal Constitutional Rights of the public at large during the course of their law enforcement applications. The actions of Officer Brown and John Doe 1, as alleged above, were done pursuant to one or more policies, practices and/or customs of the City of Hernando, including but not limited to common police practice and customs regarding the use of force.

35. After the incident, the City of Hernando and Chief Worsham determined that Officer Brown had acted appropriately and in compliance with the policies, practices and customs of the Hernando Police Department with respect to the use of force against Hoyle.

36. However, the actions of Officer Brown during this incident were in direct violations of the written policies of the City of Hernando and the laws of the United States and the State of Mississippi.

37. Despite violating the policies, practices and customs of the City of Hernando and state law, upon information and belief, Officer Brown was not disciplined, reprimanded or terminated. Accordingly, the City of Hernando and Chief Worsham ratified, condoned, acquiesced in or approved the conduct of Officer Brown in all respects. As the City of Hernando and Chief Worsham determined that the conduct of Officer Brown, as set forth herein, was in compliance with the policies, practices and customs of the City of Hernando and the Hernando Police Department, the City of Hernando and Chief Worsham are directly liable for the actions and constitutional violations of Officer Brown and John Doe 1.

38. Moreover, Officer Brown has a long and well-published history of aggression. The City of Hernando violated the civil rights of Hoyle through its policies, lack of policies, and/or customs of hiring, firing, retention and supervision. Such policies and customs were the moving force behind the damages sustained by Hoyle in this case.

39. The City of Hernando believes that Officer Brown acted in accordance with its policies and procedures at all times relevant herein.

40. The City of Hernando and its Police Department either intentionally or willfully maintain an inadequate complaint system for persons residing in the City attempting to put the City on notice of the bad actions of certain officers.

11

41. The City of Hernando either intentionally or willfully fails to adequately investigate complaints against its officers.

42. The City of Hernando, through the Hernando Police Department, fails to document complaints by persons against officers, so there is no way to determine the amount of complaints against certain officers.

43. The City of Hernando fails to maintain a system that flags officers with multiple complaints against them, whether such complaints are substantiated or "unsubstantiated."

44. The City of Hernando has a "non-complaint" policy wherein complaints to Internal Affairs by persons are often not even recorded as complaints and as such, are not even investigated.

45. The City of Hernando fails to support or maintain an adequate early warning or early intervention system to monitor the behaviors of its officers.

46. The City of Hernando has a grossly disproportionate amount of its police officers being arrested for committing crimes when compared to cities of similar size and racial make-up.

47. The City of Hernando denies such a widespread problem exists within its own force.

48. Such a denial, rather than admission or recognition of an incredibly well-documented history of illegal and/or corrupt police officers, creates a culture within the department wherein Hernando Police Officers believe they can act in violation of a person's constitutional rights without consequence.

49. That denial and culture directly contributed and/or fostered, and/or caused the actions of Officer Brown the evening of September 3, 2020.

50. The City of Hernando and Chief Worsham violated the civil rights of Hoyle in that they were deliberately indifferent to the rights of Hoyle and others through their hiring, supervision and retention of officers.

51. As a matter of both policy and practice, the Hernando Police Department and Chief Worsham directly encourage, and are thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train and/or re-train, supervise and control officers, such that their failure to do so manifests deliberate indifference.

52. As a matter of law, policy and practice, the Hernando Police Department and Chief Worsham deny any wrongdoing or misconduct by Officer Brown.

53. As a matter of both policy and procedure, the Hernando Police Department facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct and by failing to train or enforce policies and procedures on the books, if such policies and procedures exist, thereby leading Hernando Police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Hoyle.

54. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Hernando Police Department conduct unlawful seizures and use excessive force on persons, yet the Hernando Police Department makes findings of wrongdoing in a disproportionately small number of cases.

55. The City of Hernando does not properly investigate police seizures of civilians and uses of excessive force or properly discipline officers for those acts.

56. The aforementioned actions and omissions of the Defendants were proximately caused by the policies, practices and customs of the City of Hernando and Chief Worsham, which were also the underlying cause of the serious physical and mental injuries of Hoyle.

57. Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as officers of the Hernando Police Department and substantially deprived Hoyle of his clearly established rights, privileges and immunities guaranteed to him by the United States through the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. §1983 and 1988.

## VI. COMMON LAW CLAIMS

58. Hoyle hereby incorporates all previous allegations and paragraphs within this complaint and further refers the below paragraph to the above claims to the extent they are applicable.

59. Hoyle hereby asserts that the facts as alleged above demonstrate that each Defendant is liable for the serious physical and mental injuries suffered by him by their intentional acts, their acts of negligence, and their willful and wanton conduct. The Defendants each breached their duties owed to Hoyle under the law of the state of Mississippi, which lead to a foreseeable and predictable result.

60. Hoyle further asserts that the City of Hernando is liable for the serious physical and mental injury of Hoyle and all attending damages by the wrongful and/or negligent hiring, supervision and retention of not only Officer Brown and John Doe 1, but of a multitude of other officers which contributed to the policies and customs and permissive culture of silence and protection for the acts of one another.

61. Hoyle further alleges that the Defendants are liable to him for the negligent and/or intentional infliction of emotional distress as clearly outlined by Mississippi statutory and case law.

62. Hoyle hereby asserts and preserves his right to amend this complaint as further facts are discovered.

## VII. DAMAGES

63. As a direct and proximate result of the acts and/or omissions of Defendants, Hoyle suffered serious physical and mental injury on the evening of September 3, 2020. The injuries for which Hoyle seeks compensation, include, but are not limited to:

   a. Physical injuries;

   b. Mental injuries;

   c. Medical expenses;

   d. Infliction of emotional distress, negligent, and/or reckless and/or intentional, upon Hoyle;

   e. Prejudgment interest and/or post-judgment interest and statutory and discretionary costs to the extent permitted by law;

   f. Attorney fees pursuant to applicable law, including but not limited to 42 U.S.C. § 1988;

   g. Injunctive and/or declaratory relief that the acts and conduct set forth above were unconstitutional, and precluding them from engaging in such activities in the future; and

   h. All such further relief, both general and specific, to which they may be entitled under the premises.

i.	It was foreseeable that the above damages would be sustained as a result of the policies, customs, lack of training, actions, and omissions of Defendants.

## VIII. PUNITIVE DAMAGES

64.	The allegations set forth in the previous paragraphs are adopted and incorporated herein by reference.

65.	Officer Brown was formerly a police officer at the City of Horn Lake Police Department. While serving as a K-9 officer for the City of Horn Lake Police Department, he worked with Scott Worsham, who, upon information and belief, was a lieutenant at the time.

66.	During both Officer Brown and Worsham's tenure at the City of Horn Lake Police Department, Officer Lynn Brown was sued for a civil rights violation of Jacob Cooper. The case of was assigned to the Honorable U.S. District Judge, Michael Mills. Upon completion of discovery, and when considering the issue of whether or not Officer Lynn Brown was entitled to qualified immunity, U.S. District Judge Mills went to great lengths to describe the nearly sadistic conduct of Officer Lynn Brown in utilizing his City of Horn Lake K-9 animal.

67.	In his Order dated January 12, 2016, (ECF No. 72) District Judge Mills stated as follows:

> . . . Officer Brown's testimony strikes this court as being that of an officer who unreasonably fails to realize that his dog's attacks makes it much more difficult for a suspect to give the clear gestures of surrender he claims to be looking for. (Order, Page 15)

68.	In this case, the suspect, Hoyle, immediately showed his hands by placing them over his head, and yet he still was attacked by Officer Brown's K-9.

16

69. District Judge Mills went on to state in his Order:

> Based on his own testimony, Officer Brown does not strike this court as an officer reluctantly resorting to force, but, rather, one only reluctantly *terminating* the use of force. (Order, Page 16)

> This court's impressions regarding Officer Brown's seeming eagerness to employ his police dog is buttressed by the testimony of one of his former co-workers. (Order, Page 17)

> This court is not in a position to judge Officer Brown's character, and it cannot say whether he is simply an overzealous police officer primarily concerned with bringing suspects to justice, or whether there might have been a darker, more sadistic motivation behind his actions. (Order, Page 17)

> What is merely negligent in this case (on the part of the City) may be deliberately indifferent in the next, and the court trusts that the City will consider the proof developed in this case in deciding how its citizens should best be protected from the unjustified use of force. (Order, Page 22)

70. Amazingly, when a U.S. District Judge gives notice in 2016 to law enforcement agencies regarding the propensity of Officer Lynn Brown; Scott Worsham, when he became the police chief for the City of Hernando Police Department, hired Officer Brown and assigned him a K-9 animal. If this was not enough, during Officer Brown's tenure at the City of Hernando, Officer Brown "retired." Then, following a stint of providing dog training services elsewhere, he re-applied to the City of Hernando and was again hired by Chief Worsham.

71. While prior litigation regarding a different matter is normally not relevant, it is quite relevant as it relates to notice of the City of Hernando and the City of Hernando Police Department, by and through its chief, Scott Worsham.

72. Upon information and belief, the City of Hernando Board of Aldermen must approve all new hires within the police department. The City of Hernando Board of

17

Aldermen obviously ignored that which Chief Worsham knew and the Board should have known in that Officer Brown should not have been entrusted with a K-9 patrol animal or the very type of incident which resulted in serious physical and mental injuries to Hoyle would likely occur.

73. Additionally, Officer Brown is widely known within the Hernando Police Department to be an officer who collects macabre photographs of victims of crime and of his own conduct. On one occasion, less than a month before Hoyle's injuries, Officer Brown displayed a decapitated pedestrian's head after Officer Brown had taken the time to place the head, much like a common jack-o-lantern, so as to appear that the pedestrian's eyes and face were peering from behind a bush. All of this sick and macabre conduct on behalf of Officer Brown is widely known by the City of Hernando leadership, Chief Worsham and the entire command staff. For whatever reason, the City of Hernando and the Police Department encourages and tolerates such conduct thereby rendering punitive damages to be an appropriate and proper remedy against all Defendants.[FN2]

74. The actions of Defendants were performed intentionally, recklessly, fraudulently and/or maliciously, thus entitling Hoyle to a substantial award of punitive damages under applicable law.

### IX. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Hoyle respectfully prays:

1. That proper process be issued against the Defendants requiring them to plead and answer.

---

[FN2] If the stated and alleged facts are accurate and true, which Plaintiff believes they are, Officer Brown, by bragging and showing photographs of his desecration of the pedestrian's corpse, admitted to his own law enforcement agency his commission of a felony while on duty (M.C.A. §97-29-25) for which no criminal or disciplinary action was taken by that agency.

2. That Hoyle be awarded a judgment against the Defendants in an amount not less than FIVE MILLION DOLLARS ($5,000,000.00) in actual and compensatory damages for the serious physical and mental injuries of Hoyle.

3. That Hoyle be awarded punitive damages in an amount not less than FIVE MILLION DOLLARS ($5,000,000.00) for Defendants' grossly negligent, reckless and/or willful acts and/or omissions in this case, where such actions caused actual damages to Hoyle.

4. That Hoyle be granted all the relief to which he is entitled including all negative inferences surrounding any missing, tampered and destroyed evidence.

5. That Hoyle be granted such other relief, general or specific, that this Court deems equitable and just.

6. That the costs of this action including discretionary costs be awarded to Hoyle.

7. That a jury of Hoyle's peers be empaneled to try these issues.

8. That Hoyle reserves the right to amend these pleadings to conform to the facts of this matter.

**HOYLE DEMANDS A TRIAL BY JURY FOR ALL CLAIMS ALLOWABLE BY LAW WHEN THE ISSUES ARE JOINED HEREIN.**

Respectfully Submitted,

SPARKMAN-ZUMMACH, P.C.

*S/Martin Zummach*
Martin Zummach (MS #9682)
7125 Getwell Road, Suite 201
Southaven, MS 38671
662.349.6900 Office
662.349.6800 Fax

<u>Certificate of Service</u>

The undersigned does hereby certify that he has this day emailed a true and correct copy of the foregoing document to: Mallory Bland, <u>Mallory.Bland@phelps.com</u> and Todd Butler, <u>Todd.Butler@phelps.com</u>, on this the 25th day of August, 2021.

<u>*S/Martin Zummach*</u>