**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**ADRIAN HOYLE** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 3:21-CV-00171-NBB-RP**

**CITY OF HERNANDO, ET AL.** **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES OF MUNICIPAL DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Municipal Defendants the City of Hernando, Mississippi, Chief Scott Worsham in his official capacity, and Officer Lynn Brown in his individual and official capacities ("Municipal Defendants") submit this Answer and Affirmative Defenses to Plaintiff Adrian Hoyle's ("Plaintiff") first amended complaint ("complaint").

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted, in whole or in part.

**SECOND AFFIRMATIVE DEFENSE**

Municipal Defendants plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff did not exhaust his administrative remedies under federal or state law for some or all of their allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

**FOURTH AFFIRMATIVE DEFENSE**

The alleged deprivations of Plaintiff's rights did not occur through, nor were they caused by, an established policy or custom of the City of Hernando, Mississippi. Therefore, there is no municipal liability under federal law.

**FIFTH AFFIRMATIVE DEFENSE**

Municipal Defendants affirmatively plead that an award of punitive damages would violate the United States and Mississippi Constitutions.

**SIXTH AFFIRMATIVE DEFENSE**

Municipal Defendants plead the defenses of good faith and/or honest belief.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

**EIGHTH AFFIRMATIVE DEFENSE**

Municipal Defendants plead after-acquired evidence.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to comply with his duty to mitigate his request for damages, his entitlement to which is expressly denied, such damages must be reduced.

**TENTH AFFIRMATIVE DEFENSE**

Municipal Defendants possess sovereign, absolute, and/or qualified immunity from suit and/or liability and/or damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks special damages, such damages have not been specifically stated.

**TWELFTH AFFIRMATIVE DEFENSE**

Municipal Defendants are entitled to an award of attorney's fees because this action is vexatious and was brought in bad faith.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Municipal Defendants plead all statutory damage caps, including those applicable to requests for compensatory and punitive damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Municipal Defendants plead the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Municipal Defendants acted in good faith at all times in their conduct toward Plaintiff, and Plaintiff's own actions, or the actions of a third party for whom Municipal Defendants are not responsible, were the proximate and superseding cause of any damages Plaintiff may have sustained. Municipal Defendants invoke all applicable contribution and comparative fault principles.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Municipal Defendants are entitled to all rights, immunities, and privileges contained in Miss. Code § 11-46-1, et seq., including, but not limited to, all exemptions from liability set forth therein, the notice of claim requirements set forth therein, the limitations on liabilities set forth therein, and the fact that Plaintiffs are not entitled to a jury trial.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**ANSWER**

Without waiving any affirmative defenses, and reserving the right to assert further affirmative defenses as they become evident through discovery or further investigation, Municipal Defendants respond to the second amended complaint as follows:

The first unnumbered paragraph beginning with, "COMES NOW . . . " does not appear to require a response, but, to the extent a response is required, Plaintiff is entitled to no relief whatsoever.

## PARTIES

1. Municipal Defendants deny the allegations contained in paragraph 1 of the complaint for lack of sufficient information.

2. Municipal Defendant objects to the allegations contained in paragraph 2 of the complaint as calling for a legal conclusion. To the extent a response is required, Municipal Defendant admits only that it may be served with process as authorized by law.

3. Municipal Defendant objects to the allegations contained in paragraph 3 of the complaint as calling for a legal conclusion. To the extent a response is required, Municipal Defendant admits only that he may be served with process as authorized by law.

4. Municipal Defendant objects to the allegations contained in paragraph 4 of the complaint as calling for a legal conclusion. To the extent a response is required, Municipal Defendant admits only that he may be served with process as authorized by law.

5. The allegations contained in paragraph 5 of the complaint are not directed towards Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

## I. JURISDICTION & VENUE

6. The allegations contained in paragraph 6 of the complaint state legal conclusions and therefore do not require a response.

7. The allegations contained in paragraph 7 of the complaint state legal conclusions and therefore do not require a response.

## II. FACTS

8. The allegations contained in paragraph 8 of the complaint are denied. *See* Brown Dash Cam Video, Ex. A; Solomon Dash Cam, Ex. B; Guilty Plea Transcript, Ex. C; Memphis Incident Report, Ex. D; Incident Report, Ex. E; Notice of Criminal Disposition, Ex. F.

9. The allegations contained in paragraph 9 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied. *See* Brown Dash Cam Video, Ex. A; Injury Photo, Ex. G.

10. The allegations contained in paragraph 10 of the complaint are denied.

11. The allegations contained in paragraph 11 of the complaint are denied.

12. The allegations contained in paragraph 12 of the complaint state legal conclusions and therefore do not require a response.

13. The allegations contained in paragraph 13 of the complaint are denied.

14. The allegations contained in paragraph 14 of the complaint state legal conclusions and therefore do not require a response.

## IV. SPOILATION OF EVIDENCE

15. In response to the allegations contained in paragraph 15 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 14.

16. The allegations contained in paragraph 16 of the complaint reference a writing which speaks for itself and therefore no response is required. To the extent a response is required, Municipal Defendants deny any allegations inconsistent with the relevant information contained in Exhibits A and B to the complaint.

17. The allegations contained in paragraph 17 of the complaint are denied.

18. The allegations contained in paragraph 18 of the complaint are denied.

19. The allegations contained in paragraph 19 of the complaint are denied.

## V. CIVIL RIGHTS VIOLATIONS

20. In response to the allegations contained in paragraph 20 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 19.

21. Municipal Defendants deny the allegations contained in paragraph 21 of the complaint.

22. Municipal Defendants deny the allegations contained in paragraph 22 of the complaint.

23. Municipal Defendants deny the allegations contained in paragraph 23 of the complaint.

24. Municipal Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Municipal Defendants deny the allegations contained in paragraph 25 of the complaint.

26. Municipal Defendants deny the allegations contained in paragraph 26 of the complaint.

27. Municipal Defendants deny the allegations contained in paragraph 27 of the complaint.

28. Municipal Defendants deny the allegations contained in paragraph 28 of the complaint.

29. Municipal Defendants deny the allegations contained in paragraph 29 of the complaint.

30. Municipal Defendants deny the allegations contained in paragraph 30 of the complaint.

31. Municipal Defendants deny the allegations contained in paragraph 31 of the complaint. *See* Brown Certification, Ex. H.

32. Municipal Defendants deny the allegations contained in paragraph 32 of the complaint.

33. Municipal Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Municipal Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Municipal Defendants deny the allegations contained in paragraph 35 of the complaint.

36. Municipal Defendants deny the allegations contained in paragraph 36 of the complaint.

37. Municipal Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Municipal Defendants deny the allegations contained in paragraph 38 of the complaint.

39. Municipal Defendants object to the allegations contained in paragraph 39 of the complaint because the City of Hernando is a municipality, and the complaint does not identify any particular agent of the City who could "believe" something. To the extent a response is required, the allegations are denied for lack of sufficient information.

40. Municipal Defendants deny the allegations contained in paragraph 40 of the complaint.

41. Municipal Defendants deny the allegations contained in paragraph 41 of the complaint.

42. Municipal Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Municipal Defendants deny the allegations contained in paragraph 43 of the complaint.

44. Municipal Defendants deny the allegations contained in paragraph 44 of the complaint.

45. Municipal Defendants deny the allegations contained in paragraph 45 of the complaint.

46. Municipal Defendants deny the allegations contained in paragraph 46 of the complaint as stated.

47. Municipal Defendants admit the allegations contained in paragraph 47 of the complaint.

48. Municipal Defendants deny the allegations contained in paragraph 48 of the complaint.

49. Municipal Defendants deny the allegations contained in paragraph 49 of the complaint.

50. Municipal Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Municipal Defendants deny the allegations contained in paragraph 51 of the complaint.

52. Municipal Defendants deny the allegations contained in paragraph 52 of the complaint.

53. Municipal Defendants deny the allegations contained in paragraph 53 of the complaint.

54. Municipal Defendants deny the allegations contained in paragraph 54 of the complaint as stated.

55. Municipal Defendants deny the allegations contained in paragraph 55 of the complaint.

56. Municipal Defendants deny the allegations contained in paragraph 56 of the complaint.

57. Municipal Defendants deny the allegations contained in paragraph 57 of the complaint.

## VI. COMMON LAW CLAIMS

58. In response to the allegations contained in paragraph 58 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 57.

59. Municipal Defendants deny the allegations contained in paragraph 59 of the complaint.

60. Municipal Defendants deny the allegations contained in paragraph 60 of the complaint.

61. Municipal Defendants deny the allegations contained in paragraph 61 of the complaint. *See also* Notice of Claim, Ex. I.

62. The allegations contained in paragraph 62 of the complaint do not appear to require a response.

## VII. DAMAGES

63. Municipal Defendants deny the allegations contained in paragraph 63, including sub-paragraphs a-i, of the complaint, and Municipal Defendants further deny that Plaintiff is entitled to any relief whatsoever.

## VIII. PUNITIVE DAMAGES

64. In response to the allegations contained in paragraph 64 of the complaint, Municipal Defendants incorporate their prior responses to paragraphs 1 through 63.

65. Municipal Defendants admit the allegations contained in paragraph 65 of the complaint.

66. Municipal Defendants deny the allegations contained in paragraph 66 of the complaint.

67. The allegations contained in paragraph 67 of the Complaint merely quote a court order and therefore do not require a response. To the extent a response is required, Municipal Defendants deny any allegations inconsistent with the cited court order.

68. Municipal Defendants deny the allegations contained in paragraph 67 of the complaint.

69. The allegations contained in paragraph 69 of the Complaint merely quote a court order and therefore do not require a response. To the extent a response is required, Municipal Defendants deny any allegations inconsistent with the cited court order.

70. Municipal Defendants deny the allegations contained in paragraph 70 of the complaint.

71. Municipal Defendants deny the allegations contained in paragraph 71 of the complaint.

72. Municipal Defendants deny the allegations contained in paragraph 72 of the complaint.

73. Municipal Defendants deny the allegations contained in paragraph 73 of the complaint, including those allegations contained in footnote 2.

74. Municipal Defendants deny the allegations contained in paragraph 74 of the complaint.

Consistent with the answers and affirmative defenses set forth herein, Municipal Defendants request that the complaint be dismissed, with all costs taxed to Plaintiffs and an award of attorney's fees be provided to Municipal Defendants.

THIS the 14th day of September, 2021.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: /s/ *Mallory K. Bland*

G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: todd.butler@phelps.com
Email: mallory.bland@phelps.com

**ATTORNEYS FOR MUNICIPAL DEFENDANTS THE CITY OF HERNANDO, MISSISSIPPI, CHIEF SCOTT WORSHAM, AND OFFICER LYNN BROWN**

**CERTIFICATE OF SERVICE**

I certify that, on September 14, 2021, I had this Answer and Affirmative Defenses electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Mallory K. Bland*
Mallory K. Bland