1

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI                          PLAINTIFF

VERSUS

ADRIAN HOYLE                                  DEFENDANT

CAUSE NUMBER CR-2020-1067-GC(D)


## PLEA AND SENTENCE


PRESIDING:          Honorable Gerald Chatham
                    Circuit Court Judge
                    17th Judicial District
                    State of Mississippi

APPEARANCES:

        FOR THE STATE OF MISSISSIPPI:

                    Ms. Angie Huck
                    Assistant District Attorney
                    365 Losher Street, Suite 210
                    Hernando, Mississippi 38606

        FOR THE DEFENDANT:

                    Ms. Victoria Washington
                    Attorney at law
                    8869 Centre Street, Suite D
                    Southaven, Mississippi 38671

DATE:    Thursday, June 3rd, 2021

PLACE:   DeSoto County Courthouse
         Hernando, Mississippi

**F I L E D**
DESOTO COUNTY, MS

JUN 1 4 2021

*Dale K. Thompson*
CIRCUIT COURT CLERK

1           (IN OPEN COURT)

2               (THE DEFENDANTS ARE DULY SWORN BY

3       THE COURT CLERK)

4               BY THE COURT:  All right, fellows,

5       I'm getting ready to ask you all a series of

6       questions.  These questions are designed to

7       be certain that all of your constitutional

8       rights are protected and that you understand

9       what they are.

10              We are making a record of this

11      proceeding.  My court reporter over here Ms.

12      Sanford is going to take down everything that

13      you say, so it's very important that you

14      answer my questions with a good loud yes or

15      no.  Speak into that microphone loudly.  I'll

16      tell you if you're talking too loud, don't

17      worry about it.  You just talk as loud as you

18      can.  Most of my questions can be answered

19      yes or no, so it ought to be pretty simple.

20      Don't say unh-uh, uh-huh, or nod your head.

21      Just give me a good loud yes or no.

22              The first thing I want to know is

23      are any of you under the influence of drugs

24      or alcohol as you stand here today or do

25      either of you have a history of mental

26      illness or emotional problems or are any of

27      you taking any medication that might affect

28      your ability to understand the nature of

29      these proceedings?  Mr. Green?

```
 1              A.    (By Defendant Green):  No, Your Honor.
 2              Q.    Mr. Hoyle?
 3              A.    (By Defendant Hoyle):  No, Your Honor.
 4              Q.    All right.  You've got to get a little
 5      closer to the mic than that.
 6              A.    (By Defendant Hoyle):  No, Your Honor.
 7              Q.    Perfect.  All right.  So Mr. Green, this
 8      Petition tells me that your full name is Devin Ray
 9      Green, you're 18 years old, you've got ten years in
10      school, you can read and write, Mr. Spriggs is your
11      lawyer; is that correct?
12              A.    (By Defendant Green):  Yes, Your Honor.
13              Q.    All right.  And have you had an
14      opportunity to go over this Petition in its entirety
15      with Mr. Spriggs?
16              A.    (By Defendant Green):  Yes, Your Honor.
17              Q.    Is all the information in here correct?
18              A.    Yes, Your Honor.
19              Q.    And the information tells me that you're
20      18 years old, you've got ten years in school, you
21      can read and write and you're offering a plea of
22      guilty to the charge of armed robbery; is that all
23      correct?
24              A.    (By Defendant Green):  Yes, Your Honor.
25              Q.    Mr. Hoyle, this Petition tells me your
26      full name is Adrian Dean Hoyle, that you're 29 years
27      old, that you've got 12 years in school, nine months
28      of vocational school, you can read and write and Ms.
29      Washington is your lawyer; is that correct?
```

```
1              A.    (By Defendant Hoyle):  Yes, sir.
2              Q.    Have you had the opportunity to go over
3    this Petition in its entirety with Ms. Washington?
4              A.    (By Defendant Hoyle):  Yes, sir.
5              Q.    Did you read it yourself?
6              A.    (By Defendant Hoyle):  Yes, sir.
7              Q.    Did Ms. Washington answer all questions
8    you may have had about this Petition?
9              A.    (By Defendant Hoyle):  Yes, Your Honor.
10             Q.    Do you understand that by presenting
11   this Petition to me, you're offering a plea of
12   guilty to the felony of felony fleeing; do you
13   understand that?
14             A.    (By Defendant Hoyle):  Yes, sir.
15             Q.    All right.
16                   BY THE COURT:  Would the State
17             please give me a factual basis for the
18             charges against Mr. Green?
19                   BY MR. WILLIAMSON:  Yes, Your Honor.
20             If this case went to trial, the State would
21             show with credible and admissible evidence
22             and beyond a reasonable doubt, in Count 2
23             that Devin Ray Green, along with Chase Bailey
24             Smith, did on September 28th of 2019
25             willfully, unlawfully, and feloniously take
26             or attempt to take from the presence or
27             person of Luke Roger Kollat, certain personal
28             property, approximately $118 in United States
29             currency, being the personal property of the
```

1   victim against the will of the victim by
2   violence to his person or by putting the
3   victim in fear of immediate injury to his
4   person by the exhibition of a deadly weapon;
5   to wit, a handgun.
6           Specifically on the date in question
7   at approximately one a.m., Horn Lake Police
8   Officers were dispatched to the area of
9   Briarwood Drive and Briarwood Cove in
10  reference to shots fired.  They found this
11  Defendant Mr. Green who had been shot in the
12  knee lying in the yard of 5726 Briarwood
13  Drive.  They also learned that another victim
14  of a gunshot was on the way to Baptist
15  DeSoto.  That person was identify as this
16  victim.
17          A witness Ms. Tate advised officers
18  she heard six shots and called police because
19  she heard someone screaming that they had
20  been shot and then she saw Mr. Green lying in
21  the yard.
22          Officers did recover five 380
23  caliber shell casings as well as two
24  22-caliber shell casings and a bank envelope
25  with the name Luke on it that contained a $20
26  bill.
27          Officers did retrieve video from a
28  nearby residence that did show Mr. Green and
29  Mr. Smith arrive at approximately 12:54 and

1    then the victim arrive at approximately

2    one o'clock.  The victim was able to identify

3    Mr. Smith and did advise Mr. Smith had asked

4    him if he wanted to buy some drugs, that they

5    had made a plan to meet, and that he had $118

6    in the bank envelope with him, and that as he

7    approached, Mr. Smith grabbed the envelope

8    and Mr. Green pointed a small handgun at him,

9    that a struggle ensued, and that the victim

10   was shot and that he was then driven to the

11   hospital by the person who had brought him to

12   that area.

13           These events occurring in Horn Lake,

14   places jurisdiction and venue appropriately

15   before the circuit court.

16           BY THE COURT:  Mr. Spriggs, are you

17   satisfied the State could present admissible

18   and credible evidence to meet the burden of

19   proof and get this case to a jury?

20           BY MR. SPRIGGS:  I am, Your Honor.

21           BY THE COURT:  Are you satisfied

22   venue and jurisdiction are proper?

23           BY MR. SPRIGGS:  I am, Your Honor.

24           BY THE COURT:  Have you ample time

25   to investigate, prepare, and discuss this

26   case with your client as well as go over all

27   possible defenses?

28           BY MR. SPRIGGS:  I have, Your Honor.

29   BY THE COURT:   (Continuing)

1       Q.   Mr. Green, do you understand and recall
2    these events that have brought you here today?
3       A.   (By Defendant Green):  Yes, Your Honor.
4       Q.   Do you have any disagreements with the
5    factual bases set out by the prosecutor?
6       A.   (By Defendant Green):  Yes, Your Honor.
7       Q.   Okay.  What are they?  What don't you
8    agree with?
9       A.   (By Defendant Green):  I would rather
10   not state.
11      Q.   You what?
12      A.   (By Defendant Green):  I would rather
13   not state.
14      Q.   You would rather not speak?
15      A.   (By Defendant Green):  I would rather
16   not state what is wrong, but it's not right.
17      Q.   All right.  Have a seat.
18           BY THE COURT:  Would the State
19           please give me a factual basis for the
20           charges against Mr. Hoyle?
21           BY MS. HUCK:  Yes, Your Honor.
22           If this case were to go to trial,
23           the State is prepared to prove by credible
24           and admissible evidence and beyond a
25           reasonable doubt that in Count 1 of the
26           indictment, Adrian Deon Hoyle on or about
27           September 3rd, 2020 did willfully,
28           unlawfully, feloniously, knowingly and
29           intentionally refuse to bring his motor

1      vehicle to a stop after being given a visible
2      or audible signal By Officer Lynn Brown, and
3      that this officer then and there being a law
4      enforcement officer employed by the City of
5      Hernando, Mississippi Police Department
6      acting within the scope of his duty who had
7      reasonable suspicion to believe that this
8      Defendant had committed a crime, and that
9      this Defendant well knowing that Officer Lynn
10     Brown was in fact a law enforcement officer
11     acting within the scope of his duty.
12              Further, that this Defendant
13     operated his motor vehicle in a reckless
14     manner with willful disregard for the safety
15     of persons or property or in a manner
16     manifesting extreme indifference to the value
17     of human life.
18              More specifically, Your Honor, the
19     State would show that on the date listed in
20     the indictment, Officer Lynn Brown observed a
21     2014 blue Chevy Malibu passenger car run a
22     red light.  The vehicle was traveling north
23     on Highway 51 at a high rate of speed driving
24     erratic, passing vehicles, driving on the
25     wrong side of the road, forcing cars off the
26     roadway nearly hitting other vehicles.
27              As the suspect attempted to get onto
28     the ramp of I-69, he lost control, he ran off
29     the road.  The officers tried to box him in

1         and he did strike both officers Lynn and

2         Officer Solomon's vehicles. His vehicle

3         finally came to a stop.

4             For safety, the officers deployed a

5         K9 to apprehend the suspect fearing he may

6         have a weapon. The dog did engage the lower

7         right leg of the Defendant as he continued to

8         resist arrest. He was sent to Baptist DeSoto

9         for dog bites.

10        These events occurred in Hernando,

11        therefore placing proper jurisdiction and

12        venue in this court.

13        BY THE COURT: All right, thank you.

14        Ms. Washington, are you satisfied the State

15        could present admissible, credible evidence

16        to meet the burden of proof and get this case

17        to a jury?

18        BY MS. WASHINGTON: Yes, Your Honor.

19        BY THE COURT: Are you satisfied

20        venue and jurisdiction are proper?

21        BY MS. WASHINGTON: Yes, Your Honor.

22        BY THE COURT: Have you had ample

23        time to investigate, prepare, and discuss

24        this case with your client as well as go all

25        possible defenses?

26        BY MS. WASHINGTON: Yes, Your Honor.

27  BY THE COURT: (Continuing)

28        Q. Mr. Hoyle, do you understand and recall

29  these events that have brought you here today?

```
1          A.    (By Defendant Hoyle):  Yes, sir.
2          Q.    Do you have any disagreements with the
3    factual bases set out by the prosecutor?
4          A.    (By Defendant Hoyle):  I didn't strike
5    the vehicle and I didn't strike the officer.  Other
6    than that, no, sir.
7          Q.    All right.  You told me that you didn't
8    strike the officer.
9          A.    (By Defendant Hoyle):  No, sir.
10         Q.    And that you didn't do what else did you
11   say?
12         A.    I didn't intentionally hit the motor
13   vehicle or the officer's car.
14         Q.    You are charged with felony fleeing.
15         A.    (By Defendant Hoyle):  Yes, sir.
16         Q.    All right.  Did you flee the scene when
17   the officer was trying to arrest you?
18         A.    (By Defendant Hoyle):  I agree, yes,
19   sir, I did.
20         Q.    You agree with that?
21         A.    (By Defendant Hoyle):  Yes, sir.
22         Q.    And you agree what the prosecutor said
23   about that is accurate.
24         A.    (By Defendant Hoyle):  Yes, sir.
25         Q.    All right.
26               BY THE COURT:  Mr. Spriggs, I'm
27         going to ask Mr. Green one more time.
28   BY THE COURT: (Continuing)
29         Q.    Do you have any disagreements with the
```

1  factual bases set out by the prosecutor?

2  A.    (By Defendant Green):  No, Your Honor.

3  BY THE COURT:   (Continuing)

4  Q.    All right.  Before going further, there

5  are certain rights that you all have that you are

6  giving up by pleading guilty here today, and I want

7  to go over those rights with you so that you

8  understand exactly what they are.

9  First and foremost among those rights is

10  your right to a trial by a jury.  Each of you have

11  the unfettered right to have a jury decide whether

12  you're guilty or whether you're innocent.

13  We take 12 people, put them over there

14  in that jury box that will actually hear the facts

15  from the prosecution and the facts from each of you,

16  and then after I have instructed them on the proper

17  law and the lawyers have argued the case, then the

18  jury will retire and consider their verdict.  Most

19  of the time they are going to come back with a jury

20  verdict of guilty or not guilty.  That's just the

21  way a jury trial works.

22  You're entitled to the services of an

23  attorney at every stage of that trial.  If you

24  cannot afford an attorney, one will be appointed to

25  represent you free of charge.

26  The burden of proof in a criminal case

27  is always on the State to prove you guilty.  You

28  don't have to say anything, they cannot make you

29  take the stand if you don't want to testify.  If you

1     wish to testify, you have to convince me that you're
2     doing so freely and voluntarily. If you do that,
3     you'd be allowed to testify, but no one can make you
4     take the witness stand.
5             You are represented by seasoned and
6     experienced attorneys, they understand how to
7     represent you and how to protect your rights. They
8     understand how to confront each and every witness
9     that appears against you through cross-examination.
10    They understand the Rules of Court and how to use
11    those to your advantage. They further understand
12    how to have subpoenas issued to command the
13    attendance of witnesses that you all feel may help
14    your case.
15            At the conclusion of the State's case,
16    your lawyer would move the Court for a directed
17    verdict; in other words, your lawyer would challenge
18    the legal sufficiency of the evidence offered
19    against you. If I agreed with your lawyer, I would
20    sustain the motion, dismiss the charges, throw the
21    case out of court. If I disagreed with your lawyer,
22    I would overrule the motion and the case would then
23    proceed on to conclusion.
24            You're entitled to a unanimous verdict.
25    In other words, if a jury came back into court and
26    reported a guilty verdict, the first thing I would
27    want to know was, was it unanimous; did all 12 of
28    you agree on that verdict. If they answered me they
29    did, then I would inspect that verdict to be certain

```
1    it was in the proper form.  Both of those conditions
2    being answered, it would then become my duty to
3    sentence you in accordance with the applicable law.
4              Do each of you understand these rights
5    that I've just gone over with you and that you're
6    giving those rights up by pleading guilty here
7    today?  Mr. Green?
8         A.   (By Defendant Green):  Yes, Your Honor.
9         Q.   Mr. Hoyle?
10        A.   (By Defendant Hoyle):  Yes, sir.
11        Q.   All right.  Further, you're giving up
12   the right to appeal what we do here today.  If you
13   were convicted by a jury, you would have the right
14   to appeal that conviction through the appellate
15   court system of this state.  By pleading guilty,
16   you're giving up that right to appeal.
17             If you had the right to appeal, you
18   could have a court-appointed lawyer to represent you
19   if you didn't have any money to hire an attorney.
20   The proper appeals court would review your case, and
21   then they would make a decision whether to affirm or
22   uphold what we do here today or they may reverse it,
23   send it back to us for a new trial, or they may
24   reverse and render; they could set you free.  At any
25   rate, the important issue here is that you
26   understand you're giving up those appeal rights by
27   pleading guilty.
28             Do you understand that, Mr. Green?
29        A.   (By Defendant Green):  Yes, Your Honor.
```

```
1              Q.   Mr. Hoyle?
2              A.   (By Defendant Hoyle):  Yes, Your Honor.
3              Q.   All right.  Mr. Green, the maximum
4    penalty that you could suffer for armed robbery is
5    any sentence in years up to life in prison and a
6    $10,000 fine; the minimum of three years in prison
7    and zero fine.  Is that what you and Mr. Spriggs
8    have discussed?
9              A.   (By Defendant Green):  Yes, Your Honor.
10             Q.   Mr. Hoyle, the maximum penalty that you
11   could suffer for felony fleeing is five years in
12   prison and a $5,000 fine; minimum punishment
13   zero years and zero fine.  Is that what you and Ms.
14   Washington have discussed?
15             A.   (By Defendant Hoyle):  Yes, Your Honor.
16             Q.   All right.  Further, you need to
17   understand that if I sentence you to any term in the
18   Mississippi Department of Corrections, you have no
19   assurances of parole or early release.  In other
20   words, you may have to serve every day of whatever
21   sentence I give you.  So I just need you to
22   understand that, and I want to know if anyone
23   promised you that if you'd plead guilty you'd make
24   parole or that you'd get out early and you have
25   relied on that in entering your plea here today?  Is
26   that the case, Mr. Green?
27             A.   (By Defendant Green):  No, Your Honor.
28             Q.   Mr. Hoyle?
29             A.   (By Defendant Hoyle):  No, Your Honor.
```

```
1         Q.  All right.  It looks like Mr. Green's
2    case is going to be continued for sentencing, and it
3    looks like there's going to be a sentence pronounced
4    in Mr. Hoyle's case today.
5         It looks like your lawyer has done some
6    fancy plea bargaining with the State.  I use that
7    word fancy complimentary, meaning that she's done a
8    good job for you in my opinion, and it looks like
9    there's going to be a recommendation made to me here
10   today.
11        What I need you to understand is that no
12   matter what recommendation or what agreement has
13   been reached between the State and the defense, I do
14   not have to accept it.  I can completely reject that
15   agreement and sentence you to the maximum as
16   provided by law.  My question to you is:  Did anyone
17   promise you that I would automatically follow that
18   agreement and you have relied on that in entering
19   your plea here today?
20        A.   (By Defendant Hoyle):  No, Your Honor.
21        Q.   All right.  Has anyone tried to threaten
22   either one of you, or force you, intimidate you,
23   place you under duress, or offer you anything of
24   value such as money to get you to enter your plea of
25   guilty here today?
26        Mr. Green?
27        A.   (By Defendant Green):  No, Your Honor.
28        Q.   Mr. Hoyle?
29        A.   (By Defendant Hoyle):  No, sir.
```

1                  Q.   All right.  Mr. Green, are you satisfied

2     with the services rendered to you by Mr. Spriggs?

3              A.   (By Defendant Green):  Yes, Your Honor.

4              Q.   Has Mr. Spriggs been available to you at

5     all reasonable times and places?

6              A.   (By Defendant Green):  Yes, Your Honor.

7              Q.   Do you have any complaints against Mr.

8     Spriggs or against this Court?

9              A.   (By Defendant Green):  He doesn't answer

10    the phone sometimes.

11            Q.   Do you have any complaints against me or

12    against Mr. Spriggs?

13            A.   (By Defendant Green):  No, sir.  No,

14    sir.

15            Q.   All right.  And do you admit to me then

16    that on the date that's charged in the indictment,

17    that you committed the crime that you are pleading

18    guilty to here today?

19            A.   (By Defendant Green):  Yes, Your Honor.

20            Q.   Was it your decision to plead guilty or

21    your lawyer's decision?

22            A.   (By Defendant Green):  It was my

23    decision.

24            Q.   Do you want me to accept your guilty

25    plea?

26            A.   (By Defendant Green):  Yes, Your Honor.

27            Q.   Mr. Hoyle, are you satisfied with the

28    services rendered to you by Ms. Washington?

29            A.   (By Defendant Hoyle):  Yes, sir, I am.

1     Q.    Has she been available to you at all
2   reasonable times and places?
3     A.    (By Defendant Hoyle):  Yes, sir, she
4   was.
5     Q.    Do you have any complaints against Ms.
6   Washington or against this Court?
7     A.    (By Defendant Hoyle):  No, sir, I don't.
8     Q.    Do you admit to me then that on the date
9   that's charged in the indictment, that you committed
10  the crime that you're pleading guilty to here today?
11    A.    (By Defendant Hoyle):  Yes, sir, I did.
12    Q.    Your decision to plead guilty or your
13  lawyer's decision?
14    A.    (By Defendant Hoyle):  My decision.
15    Q.    Do you want me to accept your guilty
16  plea?
17    A.    (By Defendant Hoyle):  Yes, sir, I do.
18          BY THE COURT:  Very well.  The Court
19          finds that a factual basis exists for the
20          charges against each one of these Defendants.
21          I find their pleas to be freely and
22          voluntarily given, they are alert, they are
23          responsive; I do not detect any mental or
24          emotional illness that would prevent them
25          from entering a free and voluntary guilty
26          plea in this court.
27              They are appropriately dressed and
28          appropriately groomed before me here today, I
29          find their affect to be normal.  They are

```
 1                well-advised of their rights, they understand
 2                the consequences of offering their guilty
 3                plea in this Court; plus, they have
 4                petitioned the Court under oath to accept
 5                their guilty plea, which Petition they tell
 6                me they went over with their lawyer, they
 7                read it themselves, and they understood that
 8                they were offering guilty pleas to various
 9                felony charges.
10                     I have an order here continuing Mr.
11                Green's case for sentencing until the 23rd
12                day of July of 2021 at nine a.m. here in
13                Hernando and that he is to be held without
14                bond until his sentencing date.
15                     Is that the agreement that the State
16                and the Defense have reached?
17                     BY MR. WILLIAMSON:  Yes, Your Honor.
18                     BY MR. SPRIGGS:  It is, Your Honor.
19                     BY THE COURT:  All right.  I will
20                sign that order.
21     BY THE COURT: (Continuing)
22          Q.   And Mr. Green, I'll remand you to the
23     custody of the DeSoto County Sheriff's Department.
24                     BY MR. SPRIGGS:  Thank you, Your
25                Honor.
26                     (PROCEEDINGS CONCLUDED ON GREEN)
27                     BY THE COURT:  I have a sentencing
28                order here on Mr. Hoyle.  Does this
29                sentencing order contain the recommendation
```

```
1                    of the State.
2                         BY MS. HUCK:  It does, Your Honor.
3                         BY THE COURT:  And Ms. Washington,
4            does this sentencing order contain the plea
5            agreement that you negotiated?
6                         BY MS. WASHINGTON:  Yes, Your Honor.
7    BY THE COURT:  (Continuing)
8            Q.   Mr. Hoyle, have you been over this
9    sentencing agreement with your lawyer?
10           A.   (By Defendant Hoyle):  Yes, sir.
11           Q.   Do you want me to accept the
12   recommendation?
13           A.   (By Defendant Hoyle):  Yes, sir.
14           Q.   Very well.  I'll accept the
15   recommendation of the State joined in by the
16   Defendant and his attorney, and it will be the
17   sentence of the Court that you be sentenced to serve
18   a term of 274 --
19                         BY THE COURT:  I assume you mean
20           days instead of years.
21                         BY MS. WASHINGTON:  Yes, Your Honor.
22                         BY THE COURT:  And there's no PRS.
23                         BY MS. WASHINGTON:  No, Your Honor.
24                         BY MS. HUCK:  That's correct, Judge.
25                         BY THE COURT:  All right.
26   BY THE COURT: (Continuing)
27           Q.   Further, the Court orders restitution in
28   the amount of 200.  You'll make the payments on that
29   of $100, the first payment of $100 due August 3rd of
```

```
1     2021; do you understand that?
2              A.   (By Defendant Hoyle):  Yes, sir, I do.
3              Q.   I can find you in contempt of court and
4     put you in jail if you don't pay it; do you
5     understand that?
6              A.   (By Defendant Hoyle):  Yes, sir, I do.
7              Q.   All right.  Counts 2, 3, and 4 are
8     remanded.  You'll be given credit for 274 days
9     served in custody.
10                  BY THE COURT:  Anything further from
11             the State?
12                  BY MS. HUCK:  No, Your Honor.
13                  BY THE COURT:  Anything further from
14             the Defense?
15                  BY MS. WASHINGTON:  No, Your Honor.
16                  BY THE COURT:  All right.  That will
17             be the orders of the Court.  I'll remand you
18             back to the custody of the DeSoto County
19             Sheriff's Department.
20                  (PROCEEDINGS CONCLUDED ON HOYLE)
21
22
23
24
25
26
27
28
29
```

CERTIFICATE

STATE OF MISSISSIPPI

COUNTY OF DESOTO

I, Katherine Hill Sanford, Certified Court Reporter for the State of Mississippi, hereby certify that the foregoing is a true and correct transcript of the proceedings taken by me in the above and foregoing numbered and captioned cause in Hernando, DeSoto County, Mississippi, on June 3rd, 2021.

WITNESS MY SIGNATURE, this the 11th day of June, 2021.

Katherine Sanford #105B
Certified Court Reporter