# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

JACOB COOPER                                                                                    PLAINTIFF

VS.                                                           CAUSE NO. 3:14-CV-91-MPM-SAA

LYNN BROWN AND
CITY OF HORN LAKE, MISSISSIPPI                                DEFENDANTS

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Comes now, the Defendants by and through counsel and pursuant to the Federal Rules of Civil Procedure and files this memorandum in support of their Motion for Summary Judgment as follows:

### SUMMARY JUDGMENT STANDARD

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (citation omitted). In


EXHIBIT A

was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir.2011) (internal quotation marks omitted).

### a. *Clearly Established Law*

Under *Saucier's* second prong, it is obvious that officer Brown did not violate a right that was clearly established at the time of the alleged violation. The 5th Circuit rule on qualified immunity is that "[u]se of deadly force is not unreasonable when an officer would have reason to believe that the suspect poses a threat of serious harm to the officer or others." *Mace v. City of Palestine*, 333 F.3d 621, 624 (5th Cir.2003).

To meet the second hurdle of the asserted qualified-immunity defense, Plaintiff must show that the violation of his Fourth Amendment rights was objectively unreasonable given the clearly established law at the time of the alleged constitutional violation. See *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir.2009), additional cites omitted. This is a separate inquiry from the reasonableness determination inherent in considering whether the Plaintiff has made out a Fourth Amendment excessive-force claim.

For purposes of qualified immunity, "clearly established" means that the "contours of the right" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier*, 533 U.S. at 202. Notice should be clear in a particularized rather than abstract sense in the specific context in which the officer is acting. *Brosseau v. Haugen*, 543 U.S. 194, 198–99, 125 S.Ct. 596, 160 L.Ed.2d 583, (2004). The primary concern is fair notice to the officer and there need be a reasonable warning that the conduct then at issue violated constitutional rights." *Hope*, 536 U.S. at 740.

9

At the time of Plaintiff's 2013 arrest, it was clearly established that the permissible amount of force necessary to arrest a suspect depends, in part, on whether the suspect was resisting arrest *or attempting to flee. Graham*, 490 U.S. at 396. Even under Plaintiff's own version of events, he was squatting in the dark behind a fence panel out of sight of the officer – an act that hardly can be construed as surrendering. This is absolutely not a case where a suspect had raised his hands to surrender and then was beaten or attacked. The plaintiff's version of events simply fails to implicate clearly established law. Accordingly, as the facts in this case compel the conclusion that the officer's actions were objectively reasonable, Officer Brown is entitled to summary judgment.

## VI. The Training and Policy of the HLPD are Constitutional Sufficient

To succeed on his failure to train claim against the City, plaintiff is required to prove each of three elements: (1) the City's training policy procedures were inadequate, (2) the City was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy caused his injury. See *Pineda v. City of Houston*, 291 F.3d 325, 332 (5th Cir.2002). but plaintiff cannot specify how the City's training program is defective, because on its face it is not. See *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir.2005) ("[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective").

To the extent Plaintiff seeks to base municipal liability on the City's purported failure to train Officer Brown, the Fifth Circuit has reaffirmed that if the training of police officers meets state standards, there can be no cause of action for a failure to train absent a showing that "this legal minimum of training was inadequate to enable [the officer] to deal with the 'usual and recurring situations faced by jailers and peace officers." *O'Neal v. City of San Antonio*, 2009

10

Respectfully submitted, this the 8th day of September, 2015.

Respectfully submitted, this the 8th day of September, 2015.

/s Franklin Williams
Franklin Williams, MSB 8624

Franklin Williams, MSB 8624
Law Offices of Scott C. Campbell
6360 I-55 North, Suite 210
Jackson, MS 39211
Phone: 601-572-3582
Fax: 855-848-0740
E: fwillia3@travelers.com

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Brandon Flechas
Philip A. Stroud
The Stroud Law Firm, P.C.
5779 Getwell Road, Building C-1
Southaven, MS 38672

/s Franklin Williams
Franklin Williams