IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ADRIAN HOYLE**                                                          **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 3:21-CV-171-NBB-RP**

**CITY OF HERNANDO, SCOTT WORSHAM,**
**in his Official Capacity as Chief of Police of the**
**Hernando Police Department, OFFICER**
**LYNN BROWN AND OFFICER HUNTER SOLOMON,**
**Individually and in their Official Capacities as**
**Hernando Police Officers, and JOHN DOES 1-25**            **DEFENDANTS**

### DEFENDANT OFFICER HUNTER SOLOMON'S
### ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant Officer Hunter Solomon, Individually and in his Official Capacity as a Hernando Police Officer, by and through counsel, and in response to Plaintiff's First Amended Complaint would show as follows:

### FIRST DEFENSE

Answering Defendant specifically asserts and invokes all the privileges set forth in Fed. R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist, including but not limited to that Plaintiff's Complaint fails to state a claim upon which relief may be granted in whole or in part.

### SECOND DEFENSE

Answering Defendant specifically asserts and invokes all the privileges set forth in the Mississippi Tort Claims Act ("MTCA"), *Miss. Code Ann*. § 11-46-1, *et seq* including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-

46-13 and 11-46-15.

**THIRD DEFENSE**

Answering Defendant denies that he is guilty of any actionable conduct. Answering Defendant may not be sued separate and apart from the City of Hernando as an official capacity defendant and respectfully seeks dismissal of all duplicate official capacity claims.

**FOURTH DEFENSE**

Plaintiff's First Amended Complaint should be dismissed on the grounds of applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, unclean hands, accord and satisfaction, failure to mitigate, lack of standing, and/or estoppel.

**FIFTH DEFENSE**

Answering Defendant is entitled to qualified immunity. More specifically, the First Amended Complaint fails to allege a violation of a clearly established constitutional right and, at all times, answering Defendant's conduct was objectively reasonable under the circumstances.

**SIXTH DEFENSE**

Answering Defendant invokes *Heck v. Humphrey,* 512 U.S. 477 (1994), as a defense to Plaintiff's claims in whole or in part.

**SEVENTH DEFENSE**

Answering Defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity including, but not limited to, judicial immunity, quasi-judicial immunity and qualified immunity.

**EIGHTH DEFENSE**

Answering Defendant alleges that he did not exceed the requirements of law and due care

and that he is not guilty of acts or omissions which he caused or contributed to the incident in question.

## NINTH DEFENSE

At all times, answering Defendant was acting within the course and scope of his employment and, therefore, cannot be held liable in his individual capacities under state law.

## TENTH DEFENSE

At all times, answering Defendant was acting within the course and scope of his employment and at all times material to the allegations of the First Amended Complaint, his individual actions were in good faith, without malice, and within the course and scope of his employment.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann*. § 11-46-15 insofar as any state court claims are concerned. Further, Plaintiff is not entitled to punitive damages under *Miss. Code Ann*. §25-61-15. Answering Defendant invokes the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

    (a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

    (b)    The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(I) The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Plaintiff's First Amended Complaint fails to state facts against the Defendant which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## THIRTEENTH DEFENSE

Answering Defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

### FOURTEENTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

### FIFTHTEENTH DEFENSE

Answering Defendant reserves the right to assert any defenses that discovery may reveal are appropriate and incorporate herewith by reference any affirmative defenses invoked by any other defendant applicable to it.

### SIXTEENTH DEFENSE

Plaintiff's alleged damages, if any, were caused, unforeseeably, by persons, forces, or entities for whom or over which Defendant had no control or duty to control, and for which he is neither liable nor responsible, such being deficient, intervening, superseding causes.

### SEVENTEENTH DEFENSE

Any alleged damages claimed by Plaintiff, if any, and such are denied, were not caused by Defendant, but were caused by and are solely the result of the deliberate actions of the Plaintiff, including but not limited to actions that were illegal in nature, in violation of the laws of the state of Mississippi and the ordinances of the City of Hernando, and that created a dangerous situation and a personal risk to defendant Solomon by placing him in danger of imminent harm.

### EIGHTEENTH DEFENSE

To the extent Plaintiff alleges any violations of state law, Defendant pleads all applicable provisions of the *Mississippi Tort Claims Act*, MISS. CODE ANN. §11-46-1, *et. seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit, all limitations or caps on damages, and the lack of right to a

jury trial.

## NINETEENTH DEFENSE

While denying negligence and all allegations hereto, this Defendant pleads the apportionment and comparative negligence provisions of *Miss. Code Ann.* § 85-5-7 (1972, as amended) and *Miss. Code Ann.* § 11-7-15 (1972).

## TWENTIETH DEFENSE

This Defendant reserves the right to assert any additional affirmative defenses depending upon any evidence discovered in pursuit of this litigation.

## TWENTY-FIRST DEFENSE

And now, without waiving any defense heretofore or hereinafter set forth, answering Defendant responds to the allegations of Plaintiff's First Amended Complaint, paragraph by paragraph, as follows:

The first unnumbered paragraph beginning with, "COMES NOW . . . " does not appear to require a response, but, to the extent a response is required, Plaintiff is entitled to no relief whatsoever.

1. Defendant is without sufficient information to admit or deny paragraph 1, so denies the same.

2. Defendant objects to the allegations contained in paragraph 2 of the complaint as calling for a legal conclusion. To the extent a response is required, Defendant is without sufficient information to admit or deny paragraph 2, so denies the same.

3. Defendant objects to the allegations contained in paragraph 3 of the complaint as calling for a legal conclusion. To the extent a response is required, Defendant is without

6

sufficient information to admit or deny paragraph 3, so denies the same.

4. Defendant objects to the allegations contained in paragraph 4 of the complaint as calling for a legal conclusion. To the extent a response is required, Defendant is without sufficient information to admit or deny paragraph 4, so denies the same.

5. Defendant admits that he resides in Hernando and is employed by the City of Hernando, as to any other John Does, Defendant is without sufficient information to admit or deny the information, so denies the same. Defendant denies that his identity was unknown to Plaintiff. *See* [Doc. 10, Ex. 8 NOC].

6. The allegations contained in paragraph 6 of the complaint state legal conclusions and therefore do not require a response.

7. The allegations contained in paragraph 7 of the complaint state legal conclusions and therefore do not require a response.

8. The allegations contained in paragraph 8 of the complaint are denied. *See* [Doc. 10 -Ex. 1. Brown Dash Cam Video and Solomon Dash Cam, conventionally filed ; Ex. 2. Guilty Plea Transcript; Ex. 3. Memphis Incident Report; Ex. 4. Hernando PD Incident Report; Ex. 5. MDOC Notice of Criminal Disposition].

9. The allegations in paragraph 9 of the complaint are denied. *See* [Doc. 10 -Ex. 1. Brown Dash Cam Video and Solomon Dash Cam, conventionally filed; Ex. 4. Hernando PD Incident Report; Ex. 6; Injury Photo].

10. The allegations contained in paragraph 10 of the complaint are denied.

11. The allegations contained in paragraph 11 of the complaint are denied.

12. The allegations contained in paragraph 12 of the complaint state legal conclusions

and therefore do not require a response.

13. The allegations contained in paragraph 13 of the complaint are denied.

14. The allegations contained in paragraph 14 of the complaint state legal conclusions and therefore do not require a response.

15. Defendant incorporates by reference all previous answers in each enumerated paragraph. The remaining allegations of paragraph 15 is denied.

16. The allegations contained in paragraph 16 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies any allegations inconsistent with the relevant information contained in Exhibits "A" and "B" to the complaint.

17. The allegations contained in paragraph 17 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

18. The allegations contained in paragraph 18 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

19. The allegations contained in paragraph 19 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

20. Defendant incorporates by reference all previous answers in each enumerated paragraph. The remaining allegations of paragraph 20 is denied.

21. Defendant denies the allegations in paragraph 21 of the complaint and would note

that it appears that the Plaintiff has withdrawn all federal claims against the Defendant but his excessive force claim. *See* [Doc. 26 pgs. 12, 27-29].

22. The allegations contained in paragraph 22 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

23. Defendant denies the allegations in paragraph 23 of the complaint.

24. The allegations contained in paragraph 24 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

25. Defendant denies the allegations in paragraph 25 of the complaint and would note that it appears that the Plaintiff has withdrawn all federal claims against the Defendant but his excessive force claim. *See* [Doc. 26 pgs. 12, 27-29].

26. Defendant denies the allegations in paragraph 26 of the complaint.

27. The allegations contained in paragraph 27 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

28. The allegations contained in paragraph 28 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

29. The allegations contained in paragraph 29 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

30. Defendant denies the allegations in paragraph 30 of the complaint.

31. Defendant denies the allegations in paragraph 31 of the complaint. *See* Ex. 1- Officer Solomon's Training Certificates.

32. Defendant denies the allegations in paragraph 32 of the complaint.

33. Defendant denies the allegations in paragraph 33 of the complaint.

34. The allegations contained in paragraph 34 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

35. The allegations contained in paragraph 35 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

36. The allegations contained in paragraph 36 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

37. The allegations contained in paragraph 37 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

38. The allegations contained in paragraph 38 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

39. The allegations contained in paragraph 39 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant

denies the same.

40. The allegations contained in paragraph 40 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

41. The allegations contained in paragraph 41 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

42. The allegations contained in paragraph 42 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

43. The allegations contained in paragraph 43 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

44. The allegations contained in paragraph 44 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

45. The allegations contained in paragraph 45 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

46. The allegations contained in paragraph 46 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

47. The allegations contained in paragraph 47 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

48. The allegations contained in paragraph 48 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

49. The allegations contained in paragraph 49 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

50. The allegations contained in paragraph 50 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

51. The allegations contained in paragraph 51 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

52. The allegations contained in paragraph 52 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

53. The allegations contained in paragraph 53 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

54. The allegations contained in paragraph 54 of the complaint are not directed to this

Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

55. The allegations contained in paragraph 55 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

56. Defendant denies the allegations in paragraph 56 of the complaint.

57. Defendant denies the allegations in paragraph 57 of the complaint.

58. Defendant incorporates by reference all previous answers in each enumerated paragraph.

59. Defendant denies the allegations in paragraph 59 of the complaint.

60. The allegations contained in paragraph 60 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

61. Defendant denies the allegations in paragraph 61 of the complaint.

62. The allegations contained in paragraph 62 of the complaint do not appear to require a response.

63. Defendant denies the allegations in paragraph 63, including sub paragraphs a-i, of the complaint.

64. Defendant incorporates by reference all previous answers in each enumerated paragraph.

65. The allegations contained in paragraph 65 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant

denies the same.

66. The allegations contained in paragraph 66 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

67. The allegations contained in paragraph 67 of the complaint are not directed to this Defendant, as such, no response is required.

68. Defendant denies the allegations in paragraph 68 of the complaint.

69. The allegations contained in paragraph 69 of the complaint are not directed to this Defendant, as such, no response is required.

70. The allegations contained in paragraph 70 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

71. The allegations contained in paragraph 71 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

72. The allegations contained in paragraph 72 of the complaint are not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant denies the same.

73. Defendant denies the allegations in paragraph 73 of the complaint.

74. Defendant denies the allegations in paragraph 74 of the complaint.

Answering Defendant denies that Plaintiff is entitled to any relief.

In response to the paragraph beginning "WHEREFORE, …", the allegations and

demands for relief are denied, including its sub-parts (1) through (8).

**AND NOW, HAVING FULLY ANSWERED** and asserted his Affirmative Defenses, Defendant Solomon prays that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's First Amended Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act;

(B) That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever; and,

(C) That this Court award this Defendant his attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this the 19th day of October, 2021.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ *Bethany A. Tarpley*
Bethany A. Tarpley, MS Bar No. 104134
Attorney for Defendant Officer Hunter Solomon, Individually and in his Official Capacity as a Hernando Police Officer

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P. O. Drawer 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: btarpley@jlpalaw.com

**CERTIFICATE OF SERVICE**

  I, Bethany A. Tarpley, attorney of record for Defendant Officer Hunter Solomon, Individually and in his Official Capacity as a Hernando Police Officer, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following Counsel of Record:

  Martin Zummach, Esq.
  Sparkman-Zummach, P.C.
  Email: martin@sparkman-zummach.com
  **Attorney for Plaintiff**

  Murray B. Wells, Esq.
  Wells & Associates, PLLC
  Email: wells@thewellsfirm.com
  **Attorney for Plaintiff**

  G. Todd Butler, Esq.
  Mallory K. Bland, Esq.
  Phelps Dunbar
  Email: Todd.Butler@phelps.com
     Mallory.Bland@phelps.com
  **Attorney for City of Hernando, Scott Worsham, Officer Lynn Brown**

**DATED** this 19th day of October, 2021.

                /s/ ***Bethany A. Tarpley***
                Bethany A. Tarpley