**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ADRIAN HOYLE**                                                                     **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 3:21-CV-171-NBB-RP**

**CITY OF HERNANDO, SCOTT WORSHAM,**
in his Official Capacity as Chief of Police of the
Hernando Police Department, **OFFICER
LYNN BROWN AND OFFICER HUNTER SOLOMON,**
Individually and in their Official Capacities as
Hernando Police Officers, and **JOHN DOES 1-25**            **DEFENDANTS**

<u>**DEFENDANT'S MEMORANDUM IN SUPPORT OF DISMISSING
OFFICER HUNTER SOLOMON IN HIS OFFICIAL CAPACITY**</u>

**COMES NOW, DEFENDANT**, Officer Hunter Solomon, in his Official Capacity only, by and through counsel, and respectfully submits these supporting authorities which warrant dismissal of the official claims against him under federal and state law and would show unto the Court as follows:

**I. PREMISE**

Officer Hunter Solomon is named in his official capacity as a duly sworn officer with the City of Hernando Police Department **[Doc. 8]**. As to federal law, he is merely a duplicate official capacity defendant who should be dismissed according to well established authority. Under state law, his official capacity claims are barred under the <u>Mississippi Tort Claims Act</u>.

**II. STANDARD OF REVIEW**

This Court may dismiss Plaintiff's official capacity claims under either a motion for judgment on the pleadings or summary judgment. Under Rule 12(c), like Rule 12(b)(6), the central question is whether the complaint includes claims that are plausible.[1] This question is answered by comparing the legal claims that have been identified in the complaint with the

---

[1] *Bell Atl. Co. v. Twombly*, 550 U.S. 554, 555–62 (2007).

factual allegations offered in support, inclusive of any exhibits attached to the complaint and answer.[2] To be plausible, the Court must be able to draw a reasonable inference that the defendants are liable for the misconduct alleged.[3]

Under Rule 56, the central question is whether the record evidence provides a viable basis for relief as opposed to looking to the pleadings alone.[4] This question is answered by determining if there are genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). To avoid summary judgment, a plaintiff must produce evidence of "specific facts showing the existence of a genuine issue for trial."[5] A factual issue is "material only if its resolution could affect the outcome of the action,"[6] and "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment."[7]

### III. ARGUMENT AND AUTHORITY

**A. The Federal Claims Are Merely Duplicative.**

Here, Plaintiff has sued both Officer Solomon, in his official capacity, and the City of Hernando. He does not need to sue both. Under federal law, a "person" includes a local governing body if the action claimed to be unconstitutional implemented a "decision officially adopted and promulgated by that body's officers."[8] Suit against an officer in his official capacity

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) ("In considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to the contents of the pleadings, including attachments thereto. The 'pleadings' include the complaint[ and] answer to the complaint[.]").
[3] *Iqbal*, 556 U.S. at 678.
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[5] *Foulston Siefkin LLP v. Wells Fargo Bank of Texas, N.A.*, 465 F.3d 211, 214 (5th Cir. 2006).
[6] *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007),
[7] *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quotation omitted).
[8] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978).

is the same thing as a suit against the entity under federal law.[9] When, like here, both an officer, in his official capacity, and the entity are sued, normal practice is to dismiss the official in his official capacity because he is duplicative.[10] Officer Solomon requests dismissal of the official capacity federal law claims against him.

  **B. The State Law Claims Against Officer Granderson in his Official Capacity Must Fail.**

This Court should dismiss all of Hoyle's state law claims. Under the Mississippi Tort Claims Act, "[a]n employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable."[11] But prior to filing suit under the MTCA for any action, the plaintiff must give notice of his claims. That means, prior to a plaintiff bringing suit, he "must file a notice of claim" "at least ninety (90) days before instituting suit."[12] Because Hoyle did not comply with that required notice, no state law relief for his claims of negligence or negligent infliction of emotional distress may be sought.[13]

Additionally, under the MTCA, Officer Solomon may not be held liable in his official capacity for any claims of malice.[14] As such, any state law claims for intentional acts or willful and wanton conduct must be dismissed against Officer Solomon in his official capacity.[15]

---

[9] *Estate of Manus v. Webster County*, 2014 U.S. Dist. LEXIS 43536, Pages 7-8 (N.D. Miss. Mar. 31, 2014).
[10] *Breland v. Forrest Cty. Sheriff's Dep't,* 2013 U.S. Dist. LEXIS 53503, at *12-13 (S.D. Miss. Apr. 15, 2013).
[11] *Miss. Code Ann*. 11-46-7(2).
[12] *See Ellis v. Clarksdale Public Utilities*, 2020 WL 6708309, *3 (N.D. Miss. 2020); *see also* [Doc. 10, Ex. 8 NOC].
[13] *Id*.
[14] *Miss. Code Ann*. 11-46-7(2).
[15] *Borgognoni v. City of Hattiesburg*, 2015 U.S. Dist. LEXIS 157619, *36-37 (S.D. Miss. March 31, 2015) (dismissing intentional torts of assault, battery, and IIED under the MTCA as inapplicable to individual officers in their official capacities).

### III.  CONCLUSION

**WHEREFORE, PREMISES CONSIDERED, t**he official capacity claims, both federal and state, against Officer Solomon should be dismissed.  Defendant Solomon respectfully prays that this Court enter a final judgment dismissing all official claims against Officer Solomon.

**RESPECTFULLY SUBMITTED** this the 19th day of October, 2021.

                                     **JACKS| GRIFFITH| LUCIANO, P.A.**

By:   /s/ ***Bethany A. Tarpley***
        Daniel J. Griffith, MS Bar No. 8366
        Bethany A. Tarpley, MS Bar No. 104134
        Attorneys for Defendant Hunter Solomon

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
FAX No. (662) 843-6176
Email: dgriffith@jlpalaw.com
       btarpley@jlpalaw.com

## **CERTIFICATE OF SERVICE**

I, Bethany A. Tarpley, attorney of record for Defendant Officer Hunter Solomon, in his Official Capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Motion for Judgment on the Pleadings or Motion for Summary Judgment as to Officer Solomon's Official Capacity Claims* to be delivered by the ECF Filing System which gave notice to the following:

>Martin Zummach, Esq.
>Sparkman-Zummach, P.C.
>Email: martin@sparkman-zummach.com
>**Attorney for Plaintiff**
>
>Murray B. Wells, Esq.
>Wells & Associates, PLLC
>Email: wells@thewellsfirm.com
>**Attorney for Plaintiff**
>
>G. Todd Butler, Esq.
>Mallory K. Bland, Esq.
>Phelps Dunbar
>Email: Todd.Butler@phelps.com
>Mallory.Bland@phelps.com
>**Attorney for City of Hernando, Scott Worsham, Officer Lynn Brown**

**DATED** this 19th day of October, 2021.

/s/ ***Bethany A. Tarpley***
Bethany A. Tarpley