IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ADRIAN HOYLE**                                                       **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO.: 3:21-cv-00171-NBB-RP**

**CITY OF HERNANDO,
MISSISSIPPI, ET AL.**                                            **DEFENDANTS**

## MUNICIPAL DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO LIFT STAY

Plaintiff Adrian Hoyle's three-page motion must be denied. *See* Doc. No. 40. Although Hoyle did not object to the stay when Municipal Defendants requested it pursuant to Local Rule 16(b)(3)(B), and despite the fact that Hoyle has now responded to Municipal Defendants' dispositive motion on the merits, he now requests that the stay be lifted "out of an abundance of caution[.]" *Id*. at p.2. That is not how litigation under Section 1983 or the Mississippi Tort Claims Act works.

It is well established that qualified immunity is not just a defense to liability; it is a defense to the burdens of litigation as well. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). The same goes for municipal immunity under state law. *See City of Clinton v. Tornes*, 252 So. 3d 34, 36 (Miss. 2018) (explaining that "MTCA immunity 'is an entitlement not to stand trial rather than a mere defense to liability'") (quoted case omitted). Indeed, "[o]ne of the most salient benefits" includes "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). "[E]ngaging in discovery on the merits is not necessary, nor is it proper, prior to a ruling on [a] qualified immunity motion." *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 648, 655 (N.D. Miss. 2013); *see also Tornes*, 252 So. 3d at 36 (explaining that immunity issues under the MTCA "'should be resolved at the earliest possible stage of litigation'") (quoted case omitted).

Although Hoyle submits that there is "discretion" to permit discovery, he fails to acknowledge that such discretion is cabined by Fifth Circuit precedent. Given the important policy of protecting governmental officials from unwarranted discovery, the Fifth Circuit has developed a "careful procedure" that trial courts <u>must employ</u> before granting a motion like Hoyle's. *Id*. at 648-49. Under the procedure, two findings are required before discovery will be permitted. *Id*. First, the court must find that the complaint asserts facts that, if true, would defeat the qualified immunity motion. *Id*. Second, the court must additionally find that it is unable to rule on the immunity motion without allowing narrowly tailored immunity discovery. *Id*. The Fifth Circuit has reversed through interlocutory appeal for failing to "follow[ ] the procedures laid out in *Backe*[.]" *See, e.g., Patel v. Tex. Tech. U.*, 727 F. App'x 94, 95 (5th Cir. 2018).

Tellingly, Hoyle's motion does not mention, much less grapple with, the "careful procedure" articulated by the Fifth Circuit.[1] This failure should prevent the request from being considered at all. Under *Backe*, Hoyle was required to point to <u>a factual allegation</u> in the complaint that, if proved, would sustain his claim of excessive force. *See* 691 F.3d at 648. Merely pointing to the complaint's <u>legal conclusion</u> of excessive force does not cut it. *Id*. ("[A] plaintiff seeking to overcome qualified immunity must plead <u>specific facts</u> that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."); *see also Iqbal*, 556 U.S. at 678-79 (explaining that a plaintiff must "state a claim to relief that is plausible on its face" -- excluding statements that are "no more than conclusions" that are "not entitled to the assumption of truth") (internal quotation marks omitted).

---

[1] Hoyle should have been aware of *Backe*'s requirements because Municipal Defendants relied on the case in their reply brief filed in support of their dispositive motion. *See* Doc. No. 38 at pp.27-28.

The Fifth Circuit has been adamant about the importance of ruling on qualified immunity when there is a pleading deficiency. In *Patel*, for instance, the district court neither stated what allegations in the complaint were sufficient to overcome qualified immunity nor articulated what limited discovery was needed before a ruling on the issue of qualified immunity could be made. *See* 727 F. App'x at 95. The Fifth Circuit reversed, directing the district court to "follow this court's 'careful procedure'" regarding deciding issues of immunity. *Id*.

Bottom line is that Hoyle has not done what he must do to get discovery – he has not pointed to allegations in the complaint that plausibly overcome qualified immunity and has not stated what discovery would be necessary for this Court to rule on the pending dispositive motion. Quite differently, he acknowledges that this Court has before it plenty of information to rule on the pending motion. *See* Doc. No. 40 at p.2 ("It is Plaintiff's position that . . . adequate facts exist to deny, out of hand, the" pending dispositive motion.).

To reiterate, lifting the stay is only appropriate if the Court (1) finds that Hoyle has pled "specific facts that both allow the court to draw reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity[,]" and then (2) determines that further clarification of specific facts is necessary to rule on the immunity defense. *Backe*, 691 F.3d at 698. Only after making this finding can a court "issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.*; *see also Holloway v. Marion Cty.*, 2018 WL 4956120 (S.D. Miss. Oct. 12, 2018).

Such a finding cannot be made in this case where the facts are adequately recorded in a video, Hoyle's guilty plea transcript, and the incident reports, all of which are already in the

record.[2] Hoyle makes no attempt to explain what kind of discovery he believes is necessary to respond to Municipal Defendants' purely legal arguments—namely, that Officer Brown's undisputed actions did not amount to excessive force, that at minimum his actions were not in violation of "clearly established" law, and that there is no basis for municipal liability.

Two other reasons justify a continued stay as well.

First, Hoyle's counsel recently held a press conference and stated that "the FBI has launched an investigation" over the incident that is the subject of this case and that the individual defendants are targets of that investigation. *See* Press Conference Transcript at pp.4, 7, 24-25, Ex. A. To the extent that Hoyle's counsel is suggesting there could be criminal charges, it is "common practice" to stay discovery in a civil case until "the likelihood of a criminal case [ha]s ended." *See Wallace v. Kato*, 549 U.S. 384, 393 (2007). The rationale is that the right against self-incrimination "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate them in future criminal proceedings." *See Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

Second, in the same press conference, Hoyle's counsel stated, "We obviously want to sanction this and make this so expensive for the city that they train their officers, they check their officers, they do the right things from now on because they don't want to lose their budget." *See* Press Conference Transcript at p.24, Ex. A. This statement defies the overarching purpose of the Federal Rules of Civil Procedure, which is "secure the just, speedy, and <u>inexpensive</u>

---

[2] To the extent Hoyle has previously stated that he needed audio dispatch, it has been reported in the media that Hoyle's counsel is already in possession of that and has disseminated it to the media. *See* Action News 5 Article, available at https://www.actionnews5.com/2021/11/08/city-hernando-police-officers-sued-alleged-use-excessive-force/ (discussing "[d]ispatch audio provided by Hoyle's lawyers"). Presumably if Hoyle believed it advanced his case, he would have put it before the Court.

- 4 -

determination of every action and proceeding." *See* Fed. R. Civ. P. 1. Hoyle should not be rewarded for seeking to needlessly run up costs by engaging in futile discovery when everything that happened is directly before this Court.

## CONCLUSION

For the reasons explained here, this Court should deny Hoyle's motion to lift the stay.

Dated: November 17, 2021.

                Respectfully submitted,

                **PHELPS DUNBAR LLP**

                BY:  /s/ *Mallory K. Bland*
                      G. Todd Butler, MB #102907
                      Mallory K. Bland, MB #105665
                      4270 I-55 North
                      Jackson, Mississippi 39211-6391
                      Post Office Box 16114
                      Jackson, Mississippi 39236-6114
                      Telephone: 601-352-2300
                      Telecopier: 601-360-9777
                      Email: butlert@phelps.com
                              blandm@phelps.com

                      **ATTORNEYS FOR MUNICIPAL DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I, Mallory K. Bland, certify that I had this *RESPONSE* electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

SO CERTIFIED, this the 15th day of November 2021.

>
> */s/ Mallory K. Bland*
> Mallory K. Bland