## Todd Butler (3366)

| | |
|---|---|
| **From:** | Todd Butler (3366) |
| **Sent:** | Friday, October 22, 2021 4:59 PM |
| **To:** | 'Martin Zummach'; Murray Wells |
| **Cc:** | Mallory Bland (3334) |
| **Subject:** | RE: White v City of Hernando |

Gents -

I'm not interested in the posturing. And no one is trying to "disrespect" or "insult" you. What I am trying to do is figure out exactly what you think wasn't preserved where I can check on it, even though - for the reasons explained in the pending motion - I don't think we ever get there.

Murray's 7/31/19 letter says, "we would instruct you not to repair or otherwise alter" the vehicle and then seems to acknowledge that it would be unreasonable to try and keep the vehicle out of service. The letter doesn't reference any specific module or data device that you're interested in, so what I'm trying to determine is if there is anything specific you want me to inquire about. Your e-mail says, "we could have learned of speed, braking, directional changes, exact distance and location." What I'm asking you is this: what specifically do you think would have allowed you to determine these things, and I will ask about how that works.

I asked my folks what "data" the car stores, and I candidly shared with you the process as it was explained to me. If there is a different module, computer system, or whatever that you think I'm not understanding, please enlighten me, and I will see what I can find out. But its not helpful to just accuse everyone of conspiring to get rid of something that you won't even tell me exactly what you're talking about or that wasn't specifically mentioned in the 7/31/19 letter.

What's more is that the radio traffic debunks your theory about there being a collision between the police car and the stolen vehicle. But again - even if it were true - that wouldn't get you anywhere under the case law. Martin wanted case law, so I'll offer this from the Supremes: Scott v. Harris, 127 S.Ct. 1769, 1778-79 (2007) ("Couldn't the innocent public equally have been protected, and the tragic accident entirely avoided, if the police had simply ceased their pursuit? We think the police need not have taken that chance and hoped for the best. Whereas Scott's action — ramming respondent off the road — was certain to eliminate the risk that respondent posed to the public, ceasing pursuit was not.").

Again: if there is anything in particular you want me to check on, i.e. some specific module, computer system, etc., then feel free to let me know. Otherwise I'll just respond to anything you feel you need to file.

Have fun in Vegas. There'll be plenty of time to argue over this stuff when you get back.

-----Original Message-----
From: Martin Zummach <Martin@sparkman-zummach.com>
Sent: Thursday, October 21, 2021 6:22 PM
To: Murray Wells <wells@thewellsfirm.com>; Martin Zummach <Martin@sparkman-zummach.com>
Cc: Todd Butler (3366) <Todd.Butler@phelps.com>; Mallory Bland (3334) <Mallory.Bland@phelps.com>
Subject: Re: White v City of Hernando

here's a tidbit.
AFTER the spoliation letter was received the ONE vehicle was sold to senatobia police department. the city attorney police chief and lynn brown knew of the need to safeguard it. yet amazingly and not within their custom it was sold to richard chandler who is very close to both worsham and brown.

1

Exhibit "C"

i've now seen the minutes where it was authorized. those minutes  better not be tampered with.

now why dont we just admit that the vehicle was done away with with no notice  and stop playing these games.

the attorney fees and expenses to establish what we as officers of the court should concede will be incurred to establish beyond a doubt the conduct of those involved.

now if someone said

"hey murray, you got us, we will admit we knowingly did away with an important piece of evidence" id respect everyone much more.

i could not believe that the city would be so brazen and i wish we as lawyers could just say so.

todd didn't sell the car. but his client did. but this business about the airbags didn't deploy is insulting.

i always love getting a letter from an adverse lawyer saying "if you have some law to support your position we will consider it"

todd if you have any defense or case law to support the actions of the city not being the definition of spoliation, i'd appreciate seeing it.


thank you very much—
martin
901-482-5909
(but please don't text unless it's vitally important and voicemail won't work)



> On Oct 21, 2021, at 5:50 PM, Murray Wells <wells@thewellsfirm.com> wrote:
> Todd, That's not the data we needed.  I do a lot of wrongful death and tractor trailer cases.  The data had to be preserved immediately as we requested.   The spoliation of that data isis paramount because we could have learned of speed, braking, directional changes, exact distance and location.  The airbags have literally nothing to do with our theory of your client's actions.   I think we are settled that it's lost. You already know I have an expert prepared to testify about what was retrievable and how long that data was saved in the car.   I don't understand why your clients signed the certified receipts yet never contacted me in any way.  Had they parked the car and let my experts engage as requested, we would all know much more.   The things we now don't know enure to the benefit of our clients.  Since I'm in Vegas now and making bad choices, I'll let you know I'm super clear of significant other evidence your clients can not find not related to the vehicle.  If your clients cannot or will not  share that with you, we can itemize it for the Court, but not before.   Thank you for the response.
>
> Murray
> Murray B. Wells, Esq.
> Wells & Associates, PLLC
> www.thewellsfirm.com
> 901-808-0000
> 81 Monroe Ave.
> Suite 200
> Memphis, TN 38103
>
>
>
>> On Oct 21, 2021, at 2:11 PM, Todd Butler (3366) <Todd.Butler@phelps.com> wrote:
>>
>> Just following back up on this.  In response to your earlier e-mails, I asked the PD to explain to me what information is available from the vehicles. Attached is the explanation I received.  It seems to me that internal data is saved if there is an airbag deployment, and its my understanding that there was no airbag deployment related to this case.  If there is anything further you want me to ask or check on, let me know.
>>

>> -----Original Message-----
>> From: Murray Wells <wells@thewellsfirm.com>
>> Sent: Wednesday, October 13, 2021 10:42 PM
>> To: Todd Butler (3366) <Todd.Butler@phelps.com>
>> Cc: Martin@sparkman-zummach.com; Mallory Bland (3334) <Mallory.Bland@phelps.com>
>> Subject: Re: White v City of Hernando
>>
>> Todd,
>>
>> That's great!  I opine on the merits of stuff I file all the time, so I get it.
>>
>> I'm still not clear whether or not your clients disposed of evidence after certifying receipt of the spoliation notice?  If this a clean and clear question you can answer?  I will await your response.
>>
>> -Murray
>>
>> Murray B. Wells, Esq.
>> Wells & Associates, PLLC
>> www.thewellsfirm.com
>> 901-808-0000
>> 81 Monroe Ave.
>> Suite 200
>> Memphis, TN 38103
>>
>>
>>
>>> On Oct 13, 2021, at 8:53 PM, Todd Butler (3366) <Todd.Butler@phelps.com> wrote:
>>> I thought you were requesting that an expert look at the physical car, which was confusing to me, but I wanted to let you know where it was in the event you felt you needed to move on it.  If you're asking about data or internal systems, I'll see what I can find out, although, for the reasons you can see from the pending motion, I don't think it makes a difference.
>>> -----Original Message-----
>>> From: Murray Wells <wells@thewellsfirm.com>
>>> Sent: Wednesday, October 13, 2021 4:44 PM
>>> To: Todd Butler (3366) <Todd.Butler@phelps.com>
>>> Cc: Martin@sparkman-zummach.com; Mallory Bland (3334) <Mallory.Bland@phelps.com>
>>> Subject: Re: White v City of Hernando
>>> Todd,
>>> I understand your email to read that all data I generally am able to pull out of similar vehicles is no longer useable or retrievable. Which is the point of the spoliation letter.  Your client did receive the letter?  It protects your client and mine.  Sounds like the negative inference will now apply unless you know something I don't.   The preservation of evidence is very different than the point of discovery. The preservation makes the evidence discoverable during that process. We will forge ahead, but if there are other items your client failed to preserve pursuant to the letter, it might help everyone to discuss now so we don't clog the courts and our time on spoiled evidence and Easter egg hunts?
>>> I don't know that the point in pulling data from the car now or info on paint transfers or body work exists anymore.
>>> Look forward to your thoughts.
>>> Murray
>>> Murray B. Wells, Esq.
>>> Wells & Associates, PLLC
>>> www.thewellsfirm.com
>>> 901-808-0000
>>> 81 Monroe Ave.

>>> Suite 200
>>> Memphis, TN 38103
>>>>> On Oct 13, 2021, at 4:10 PM, Todd Butler (3366) <Todd.Butler@phelps.com> wrote:
>>>> Just following back up on this. It is my understanding that the patrol car is in service with the Senatobia PD. If you think the plaintiff is entitled to have the car inspected, I propose you offering any authority you have on that point and perhaps we try to get some guidance from the magistrate judge. Thoughts?
>>>> -----Original Message-----
>>>> From: Murray Wells <wells@thewellsfirm.com>
>>>> Sent: Wednesday, October 6, 2021 10:11 AM
>>>> To: Todd Butler (3366) <Todd.Butler@phelps.com>
>>>> Cc: Martin@sparkman-zummach.com; Mallory Bland (3334) <Mallory.Bland@phelps.com>
>>>> Subject: Re: White v City of Hernando
>>>> Al long as it's preserved, take all the time you need.
>>>> Murray B. Wells, Esq.
>>>> Wells & Associates, PLLC
>>>> www.thewellsfirm.com
>>>> 901-808-0000
>>>> 81 Monroe Ave.
>>>> Suite 200
>>>> Memphis, TN 38103
>>>>>> On Oct 6, 2021, at 10:06 AM, Todd Butler (3366) <Todd.Butler@phelps.com> wrote:
>>>>> Murray - This sounds like a Rule 34 request, but we don't have a CMO, and discovery can't be conducted yet under the local rules. Candidly, we haven't yet decided whether we will file a 12c motion, which would trigger an automatic stay. Please make sure you guys are including Mallory on these e-mails. My thought is to discuss the issue in advance of the CMC if we don't file the dispositive motion.
>>>>> -----Original Message-----
>>>>> From: Murray Wells <wells@thewellsfirm.com>
>>>>> Sent: Wednesday, October 6, 2021 9:56 AM
>>>>> To: Todd Butler (3366) <Todd.Butler@phelps.com>
>>>>> Cc: Martin@Sparkman-Zummach.com
>>>>> Subject: White v City of Hernando
>>>>> Todd,
>>>>> I've had my experts on hand to review Officer Brown's patrol vehicle in this matter which you guys preserved upon receipt of the spoliation letter. Can you let me know a time I can bring my experts to retrieve the data? I use Delta V so I am not sure who you guys are using, but let's knock that out? What dates in the next two weeks work for you?
>>>>> Thanks,
>>>>> Murray
>>>>> Murray B. Wells, Esq.
>>>>> Wells & Associates, PLLC
>>>>> www.thewellsfirm.com
>>>>> 901-808-0000
>>>>> 81 Monroe Ave.
>>>>> Suite 200
>>>>> Memphis, TN 38103
>> <Airbag Letterhead.docx>

4