# SPARKMAN–ZUMMACH, P.C.
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| **Attorneys** | | **Legal Assistants** |
| Joseph M. Sparkman, Jr.* | **MISSISSIPPI OFFICE** | Anna Marie Guthrie |
| Martin Zummach*+☆ | 7125 Getwell Road, Ste. 201 | Mistie M. Wynn |
| Gregory C. Morton*Δ | Southaven, Mississippi 38671 | Kristi P. Cherry |
| Thomas Preston‡ | (662)-349-6900 Telephone | |
| | (662)-349-6800 Facsimile | |

\* Licensed in MS & TN
+ Licensed in AR
Δ Licensed in GA
‡ Licensed in TN & NY
☆ Licensed in TX

Martin@Sparkman-Zummach.com

September 16, 2021
**VIA EMAIL**
**Todd.Butler@phelps.com**

G. Todd Butler, Esq.
Phelps Dunbar LLP
4270 I-55 North
Jackson, MS 39211

      RE:    Adrian Hoyle v. City of Hernando, et, al.
              United States District Court for the Northern District of Mississippi, Oxford Division
              Cause No.: 3:21-cv-171NBB-RP

Mr. Butler:

After consultation with co-counsel, Murray Wells, we have reviewed your Memorandum in Support of Municipal Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. Because neither of us have had the opportunity to be involved in litigation adverse to you or Ms. Bland, we have both determined to give you the benefit of the doubt regarding certain statements made in your Memorandum.

Without you requesting us to do so, we are extending you a ten (10) day period of courtesy for you to remove improper allegations that, on their face, appear factual, but in fact are not. While we do not believe that we should have to identify those statements particularly, but again, because we have not practiced against you or Ms. Bland in the past, we will extend that courtesy as well. They are as follows:

      Page 1, First ¶ – To say that the Plaintiff, Adrian Hoyle's, Complaint is misleading would be an understatement.

      Page 7, Last ¶ – Hoyle blatantly mischaracterizes the events of September 3, 2020.

      Page 8, First ¶ – Hoyle's mistruths - although concerning from a duty-of-candor standpoint - are immaterial for purposes of this motion for two reasons.

Exhibit "E"

G. Todd Butler, Esq.
September 16, 2021
Page 2

Page 18, Second ¶ – Since the complaint was filed a mere 28 days beforehand, Hoyle violated the MTCA's exhaustion requirement and must be dismissed. (This is a misstatement of Mississippi law).

Page 20, Last ¶ – This Section 1983 case, which includes supplemental state-law claims, is meritless. **Hoyle should have presented this court with the real facts. He did not do so because he knew they were meritless.**

Sincerely,

SPARKMAN-ZUMMACH, P.C.

Martin Zummach
Murray Wells
MZ/mw

## Todd Butler (3366)

| | |
|---|---|
| **From:** | Todd Butler (3366) <Todd.Butler@phelps.com> |
| **Sent:** | Friday, September 17, 2021 7:19 PM |
| **To:** | 'martin@sparkman-zummach.com'; 'wells@thewellsfirm.com' |
| **Cc:** | 'Mistie@sparkman-zummach.com'; Mallory Bland (3334) |
| **Subject:** | RE: Hoyle v City of Hernando, et. al |

Martin/Murray:

I'm in receipt of your 9/16 letter. This is a request for clarification and response.

**For clarification:**
Under what authority are you requesting that I "remove" the portions of the brief that you refence in your letter? Your letter identifies no rule, statute, or case, nor does it say what action you intend to take after the 10-day deadline you impose. If there is support for your demand that you'd like to provide me, I'll be happy to review. It seems to me that, if you disagree with the brief, then the proper place to lodge your objections is in a response in opposition, which I assume you intend to file within the 14-day deadline.

**In response:**
Your letter principally takes issue with the brief's characterization of the complaint as misrepresenting the actual facts of this case. But the exhibits filed along with the brief, including the video and transcript from your client's plea, fully support that characterization. By way of example only:
-Paragraph 8 of the complaint says that Officer Brown pursued your client "without cause or justification," but Hoyle stole a car, ran a red light, took officers on a dangerous 8-minute high speed chase, and admitted at his plea that there was reasonable suspicion.
-Paragraph 8 also says that Officer Brown "initiated a traffic stop by ramming his law enforcement vehicle into the vehicle operated by Hoyle[,]" but the video show that it was Hoyle who used his stolen car to hit the officers. Hoyle admitted at his plea that he struck both officers' vehicles.
-Paragraph 8 of the complaint further says that Hoyle "complied with all of the officers' commands[,]" but the video and his plea establish that he refused to stop and the "officers deployed a K9 to apprehend the suspect fearing [Hoyle] may have a weapon."
-Paragraph 21 of the complaint says that Hoyle was subjected to an unlawful seizure, but he was convicted of a crime arising out of the arrest, meaning that, as a matter of law, there was lawful grounds for the seizure.

Your letter also accuses me of misstating the MTCA's exhaustion requirement. On that point, I would ask that you review the plain language of Section 11-46-11, specifically subsections (1) and (3)(b). You might also consider *Pickett v. Panola Cty.*, 2015 U.S. Dist. LEXIS 11080 (N.D. Miss. 2015), which applied the MTCA's exhaustion requirement.

In sum, I'm not persuaded that you have identified anything in the brief that is inaccurate. If you'd like to discuss this further, or the case generally, please feel free to call me anytime. Otherwise I look forward to reviewing your response brief. You mention twice in the letter that you haven't litigated against us before. I assure you that we don't take things personally and are simply presenting the facts and law as we see it. I trust that you will do the same. Have a nice weekend.

Best,

Todd

1

**From:** Mistie Wynn <Mistie@sparkman-zummach.com>
**Sent:** Thursday, September 16, 2021 1:17 PM
**To:** Todd Butler (3366) <Todd.Butler@phelps.com>
**Cc:** Martin Zummach <Martin@sparkman-zummach.com>; Murray Wells <wells@thewellsfirm.com>
**Subject:** Hoyle v City of Hernando, et. al

Dear Mr. Butler:

Please see attached correspondence from Martin and Murray regarding Defendants' Memorandum of Law in Support of Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment.

Thank you.



SPARKMAN · ZUMMACH, PC
— ATTORNEYS AT LAW —

Mistie Wynn, Legal Assistant
7125 Getwell Road, Suite 201
Southaven, MS 38671
662.349.6900 Office
662.349.6800 Fax


-----Original Message-----
From: Mistie Wynn [mailto:mistie@sparkman-zummach.com]
Sent: Thursday, September 16, 2021 12:08 PM
To: Mistie Wynn
Subject: Scanned From Sparkman-Zummach P.C.

This E-mail was sent from "RNP002673884697" (MP C4503).

Scan Date: 09.16.2021 13:07:49 (-0400)
Queries to: scanner@sparkman-zummach.com