IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ADRIAN HOYLE**                                                                                         **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO.: 3:21-cv-00171-NBB-RP**

**CITY OF HERNANDO,**
**MISSISSIPPI, ET AL.**                                                                    **DEFENDANTS**

**MUNICIPAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER**

To be clear, undersigned counsel is not attempting to deflect, tattle on Hoyle's counsel, make this case personal, or do any of the other ill-conceived things suggested in the oppositional response. *See* Doc. No.46. A protective order is sought for only one reason: To prevent further prejudicial conduct via extrajudicial attorney statements.

> **I. Factually, the oppositional response does not acknowledge most of the impermissible conduct, and, legally, it does not meaningfully address Rule 3.6's requirements.**

Most of the response attacks opposing counsel over immaterial matters instead of explaining why Hoyle's counsel believes their conduct was permissible. And the response resorts to dramatic Shakespearean quotes instead of citing a single legal authority discussing Rule 3.6. The reason is that the 30-minute press conference is indefensible under the rule.

In the opening motion, Municipal Defendants referenced a transcript of the press conference, Doc. No. 42-1, which included Hoyle's counsel (1) calling a party opponent a "cancer" and suggesting he had and would engage in criminal conduct, such as witness tampering; (2) accusing a party opponent of lying over things that their own client has admitted as part of a felony-guilty plea; (3) saying without offering any proof that a party opponent took pictures of deceased individuals and made jokes about their skin color; and (4) admitting that their goal is to run up costs and expenses. *See* Doc. No.44 at pp.2-4 (detailing statements from

the press conference). Nowhere in the oppositional response is an attempt made to provide an explanation as to how these disparaging statements would be compatible with Rule 3.6.

The response comes quite close to conceding that extrajudicial comments were made about Officer Brown's character, *see* Doc. No. 46 at p.7, presumably because it would be impossible to deny it given what can be watched on the video and read in the corresponding transcript. What the response seems to argue is that it was permissible to attack Officer Brown's character in the media because Officer Brown's character is at issue in this case. *See* Doc. No. 46 at p.7. But such reasoning turns Rule 3.6 on its head.

It would be hard to imagine any case where a party's credibility is not at issue. That is typically why we litigate. What Rule 3.6 is concerned about is <u>where</u> you get to challenge a party's credibility. That is supposed to be done in the actual court case that the party is involved in; it is improper for members of the Bar to do so in the media. Yet that is precisely what Hoyle's counsel did for 30 minutes on November 9, 2021.

The response argues that Municipal Defendants have no cause to complain, since they included the pursuit video as an exhibit to their dispositive motion. *See* Doc. No. 46 at p.2. But such an argument, again, misses the point. In the court file is where attorneys are supposed to discuss relevant evidence. While it would have been permissible for Hoyle's counsel to tell the media what has been filed in the case, it was impermissible for Hoyle's counsel to elaborate and give their inadmissible opinions on what has been filed. *See* Miss. R. Prof. Conduct 3.6(c) (providing that counsel may discuss certain matters "without elaboration").

**II.  Hoyle's counsel is not relieved from complying with Rule 3.6 because they do not like things that were argued in prior filings.**

The complaint filed in this case omitted that Hoyle stole a vehicle, ran a red light, and took law enforcement on an eight-minute pursuit at a high rate of speed, only stopping after he lost control and struck two police vehicles. *Compare* Doc. No. 8 *with* Brown Dash Cam Video,

2

Doc. No. 10-1 and Guilty Plea Transcript, Doc. No. 10-2. It instead portrayed the events as Hoyle "compl[ying] with all of the officers' commands with his hands above his head clearly visible and gesturing submission and surrender, and . . . in no way resisting when Officer Brown deployed his assigned Hernando Police Department K-9 to attack [him] when he was completely defenseless and compliant." Doc. No. 8 at p.4. Given Hoyle's mischaracterizations and omissions, Municipal Defendants filed a dispositive motion calling the complaint a sham. *See* Doc. No. 13 at p.1. In support, Municipal Defendants included the video of the incident in question as well as the transcript from Hoyle's felony-guilty plea, where Hoyle admitted that the "the officers deployed a K9 to apprehend the suspect fearing [Hoyle] may have a weapon." *See* Guilty Plea Transcript, Doc. No. 10-2 at pp.8-9.

It was immediately apparent that Hoyle's counsel was unhappy with the dispositive-motion brief, as they sent what they refer to in the response as "FRCP 11" communication. *See* Doc. No. 46 at p.9. The letter said, "[W]e are extending you a ten (10) day period of courtesy for you to remove improper allegations" included in the brief. *See* Additional Counsel Correspondence, Ex. E.[1] Undersigned counsel responded by explaining why the brief included the statements it did, providing case law that rejected a procedural argument Hoyle's counsel later admitted he was wrong about,[2] assuring Hoyle's counsel that undersigned counsel did not "take things personally and [was] simply presenting the facts and law as [he] sees[s] it[,]" and

---

[1] The response says, "Counsel for Plaintiffs [sic] notice that Mr. Butler did not file with the Court e-mails between Plaintiffs' [sic] counsel and him pursuant to FRCP safe harbor provisions regarding the truth of the statements made in his Answer and offering him an opportunity to withdraw certain statements as they were without merit and would never have any merit and were instead attacks on Plaintiffs [sic] and their lawyers." Doc. No. 46 at p.9. But undersigned counsel did not attach them to the opening motion because they have nothing to do with whether Hoyle's counsel violated Rule 3.6, not because undersigned counsel does not want the Court to review them. They are being attached now to satisfy the request of Hoyle's counsel, even though the response did not do so.

[2] Hoyle sent a MTCA notice of claim on July 2, 2021 and then filed suit 28 days later, which violates the 90-day rule of Miss. Code § 11-46-11. *See* Doc. No. 13 at p.18. Undersigned counsel later agreed to forego the 90-day rule, where Hoyle's counsel would not have to dismiss his lawsuit, wait out the 90-day period, and re-file. *See* Doc. No. 23.

3

saying that "the proper place to lodge [ ] objections [was] in a response in opposition" to the dispositive motion. *Id*.

The last statement – that "the proper place to lodge [ ] objections is in a response" – remains true in the Rule 3.6 context. If Hoyle's counsel believes that undersigned counsel has misstated the facts or law, then they have every right to respond on the record with evidence[3] and law. But Rule 3.6 does not permit them to make extrajudicial statements in the media that could prejudice the case. Put simply, there is no "I-do-not-like-what-you-said-in-a-court-filing" exception to Rule 3.6.

### III. The requirements of Rule 3.6 are not diluted by irrelevant questions and non-material issues.

Much of the response, in the way of questions raised and issues discussed, have nothing to do with what lawyers can or cannot say in the media. Topics discussed include: dispatch audio, the FBI investigation, and spoliation. *See* Doc. No. 46 *generally*. Municipal Defendants will briefly address each since they are raised in the response, but it is unclear why Hoyle's counsel believes they nullify Rule 3.6.

As to the dispatch audio, the response asks, "[H]ow did the media get the dispatch audio?" and then seemingly answers its own question by stating that "the dispatch audio itself is widely recognized as a public record." *See* Doc. No. 46 at p.2 (underlining removed). Whether a party can get something in a lawsuit when discovery has been stayed, as it is in this case, is a different issue from whether a municipality is required to comply with a public records request.

---

[3] The response repeats a statement from the press conference, namely, that "there is not one fact in the Amended Complaint filed in this cause that is not supported by a witness prior to the Amendment Complaint being filed." *See* Doc. 46 at p.5. But that promise is difficult to believe. As stated above, some of the allegations in the complaint are flatly contradicted by both video evidence and Hoyle's own guilty plea. And one has to wonder why Hoyle would hold back evidence as opposed to putting it before the Court when he responded to the pending dispositive motion.

4

Regardless, Hoyle's counsel admits that he has listened to the dispatch recordings, so one has to believe that Hoyle would have placed them before the Court if he believed they were material.

As to the FBI investigation, the response seems to equate a mayor updating "city leadership" with an attorney holding a press conference. *See* Doc. No. 46 at p.3. And undersigned counsel's statements in the opening brief were based on a conversation he had with the FBI investigator who requested an interview of Officer Brown. Why either of these things is relevant to what Hoyle's counsel said at the press conference is, again, unclear.

As to alleged destruction of evidence, the response begins by asking, "[S]ince when is it up to a party to describe for the other party" what has been destroyed? *See* Doc. No. 46 at pp.4-5. But the response to that question is easy: Always. If one party believes an opposing party has destroyed evidence, then they obviously have to say what has been destroyed and explain why it matters to the case. It is nothing more than a hide-the-ball strategy for the response brief to say that "it would be improper to again educate Mr. Butler as to what Mr. Butler's client has presumably destroyed." *See* Doc. No. 46 at pp.4-5. The exhibit attached as Doc. No. 43-3 to the opening motion shows that undersigned counsel has tried to learn what it is that Hoyle's counsel believes has been destroyed. Hoyle's counsel has declined to "educate" undersigned counsel and instead prefers to make insinuations at press conferences without coming forward with proof.

In the end, Rule 3.6 governs what lawyers get to do in the way of extrajudicial statements, not how municipalities must respond to public records requests, what information a mayor shares with other public officials, or how the Court deals with accusations of spoliation. The response's focus on irrelevant matters is the real attempt to "deflect."

\* \* \* \*

Nothing in the response defeats Municipal Defendants' request for a protective order. The press conference was improper, and the motives for it can be gleaned from the demand sent

two days later, in which Hoyle's counsel encouraged undersigned counsel to resolve this case "to minimize loss, both financially and in reputation." *See* Doc. No. 43-4. Those implicit motives are congruent with the express acknowledgment that Hoyle's counsel's goal is to "make this so expensive for the city that they" "do the right things from now on because they don't want to lose their budget." *See* Doc. No. 42-1 at p.24. Everyone involved in this case deserves better.

## CONCLUSION

For the reasons explained here and in the opening brief, this Court should grant Municipal Defendants' request for a protective order.

Dated: November 29, 2021.

**RESPECTFULLY SUBMITTED,**

**PHELPS DUNBAR, LLP**

BY: */s/ G. Todd Butler*
G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: (601) 352-2300
Telecopier: (601) 360-9777
Email: butlert@phelps.com
blandm@phelps.com

**ATTORNEYS FOR MUNICIPAL DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I certify that, on November 29, 2021, I had a copy of this document electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ G. Todd Butler*
G. TODD BUTLER
