IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ADRIAN HOYLE**                                                                           **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 3:21cv171-NBB-RP**

**CITY OF HERNANDO, MISSISSIPPI, et al.**                      **DEFENDANTS**

## ORDER DENYING MOTION TO LIFT STAY

Plaintiff, Adrian Hoyle, seek to lift the stay in order to allow immunity related discovery. Docket 39,40. Plaintiff asserts that he needs conduct limited discovery relating to his "claims of failure to train, failure to supervise and the defense of qualified immunity . . ." Docket 40, p. 2. Defendants assert that Plaintiff has not sufficiently alleged facts to overcome the defense of qualified immunity. Docket 42.

The Fifth Circuit has long held that "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The Fifth Circuit has further held that discovery "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir 1995). If the Plaintiff's complaint does allege facts sufficient to overcome the defense of qualified immunity, the court may allow discovery as to the facts specific to the immunity defense. *Id.* at 995.

A law enforcement officer is entitled to the defense of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Courts apply a two-part analysis in assessing

1

a claim of qualified immunity. First, the court must consider "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). "[I]f a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). In order to negate an official's immunity defense, the Fifth Circuit has articulated a heighted pleading standard such that a plaintiff must allege with sufficient particularity all facts establishing a right to recovery. Specifically, to prevail on an excessive force claim, Plaintiff must establish (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007).

      The only authority cited by plaintiff in support of his motion is Uniform Local Civil Rule 16(b)(3)(B), which provides that the court has discretion to permit discovery on issues relating to the immunity motion. In order for the undersigned to exercise discretion and permit immunity related discovery, the court must find that the complaint asserts facts that, if true, would defeat the qualified immunity motion and that the court is unable to rule on the immunity motion without allowing the requested discovery. The undersigned has reviewed Plaintiff's Complaint and cannot make such a finding. Plaintiff has not identified what specific discovery is necessary for the court to rule on the qualified immunity motions. The court also notes that in response to the requests for summary judgment, Plaintiff made no Rule 56(d) showing that for specified reasons, he cannot present facts essential to justify his opposition to the requests, upon which showing the court may defer consideration of the motions or allow Plaintiff time to take discovery before responding to the motions. Plaintiff's Motion to Lift Stay is DENIED.

SO ORDERED, this, the 9th day of December, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE