IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ADRIAN HOYLE                                                                                         PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:21cv171-NBB-RP

CITY OF HERNANDO, MISSISSIPPI, et al.                                              DEFENDANTS

### ORDER DENYING MOTION FOR PROTECTIVE ORDER

This matter is before the court on Municipal Defendants' Motion for Protective Order, in which the City of Hernando, Scott Worsham, and Officer Lynn Brown request "a protective order that addresses extrajudicial statements in the media." ECF #43. The plaintiff Adrian Hoyle opposes the motion. The court finds the motion is not well taken and should be denied.

Hoyle brought this action seeking recovery for injuries he sustained as a result of the defendants' alleged violation of his civil rights when Hernando Police Officer Lynn Brown deployed his K-9 "to attack Hoyle when he was completely defenseless and compliant." Several months after filing suit, Hoyle's attorneys Martin Zummach and Murray Wells held a press conference during which they made a number of disparaging remarks about the defendants. For example, Mr. Zummach referred to Officer Brown as a "cancer" on the Hernando Police Department. Mr. Wells accused the defendants of engaging in a "coverup" and destroying evidence, and he suggested that Officer Brown, still being on duty, would influence witnesses by intimidation or suggestion and would "further encourage the destruction of evidence and coverup."

Municipal Defendants now request what amounts to a gag order on plaintiff's counsel, arguing that their statements at the press conference violate Mississippi Rule of Professional Conduct 3.6(a), which prohibits a lawyer from making "an extrajudicial statement that a

reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding." In support, Municipal Defendants cite *Greene v. DeMoss,* No. 3:20-CV-00578, 2021 WL 3609300, at *10 (W.D. La. Aug. 13, 2021), in which the court ruled that the plaintiff's attorneys' violations of Louisiana's similar version of Rule 3.6(a) warranted a gag order. However, *Greene* is distinguishable from the present case, and while Hoyle's counsel's statements at the press conference are troubling to the court, they do not warrant a gag order at this time.

As an initial matter, Municipal Defendants state with insufficient specificity the relief they seek. The motion itself simply requests "a protective order that addresses extrajudicial statements in the media." *See* Municipal Defendants' motion, ECF #43 at 1. As to how exactly the requested order should address such statements, the motion does not say. The motion's supporting memorandum requests "a protective order similar to that entered in *Green* [sic], memorializing counsel's Rule 3.6 obligations." *See* Municipal Defendants' brief, ECF #44 at 8. Left unsaid, however, is what exactly the protective order entered in *Greene* provides. No copy of the *Greene* gag order is attached to the motion, nor is it described with any specificity in the *Greene* decision itself, which states that a gag order "will be entered in this case." 2021 WL 3609300, at *9. It would be difficult for this court to craft a protective order similar to the one entered in *Greene* without the benefit of the contents of that order. Moreover, Municipal Defendants have not established that a gag order is warranted.

As stated above, Hoyle's counsel's statements at the press conference are troubling to the court. Mississippi Rule of Professional Conduct 3.6(b) specifically addresses extrajudicial statements that refer to a civil matter triable to a jury and that relate to the character, credibility,

or reputation of a party. Hoyle's counsel's statements certainly appear to qualify as such, and Hoyle admits as much in his response to the Municipal Defendants' motion, arguing that counsel's statements are nonetheless permissible because "Brown's history, character, and reputation is [sic] directly at issue in this case." *See* Plaintiff's brief, ECF #46 at 7. The court agrees with Municipal Defendants that "such reasoning turns Rule 3.6 on its head." *See* Municipal Defendants' reply brief, ECF #48 at 2. A purported fact's relevance or admissibility at trial does not, as Hoyle suggests, give counsel license to use it as he pleases to advocate for his client in the media, where such extrajudicial advocacy may materially prejudice the court proceedings. Such prejudice is precisely what Rule 3.6 is intended to prevent, and Hoyle's counsel should be mindful of this going forward. That being said, the court finds that counsel's statements do not warrant a gag order under the present circumstances.

The Fifth Circuit established the standard for regulating attorneys and parties with a gag order in *U.S. v. Bowen,* in which the court held that a trial court may impose a gag order on a case's participants if there is a substantial likelihood that extrajudicial commentary by trial participants will undermine a fair trial, and if the order is narrowly tailored and the least restrictive means available. 218 F.3d 415, 428 (5th Cir. 2000). In *Bowen*, the Fifth Circuit concluded that a substantial likelihood of such prejudice existed where, among other circumstances, the subject litigation "attracted intense and extensive media attention" and there was "enormous local and national publicity surrounding the cases." 218 F.3d at 428-29. In *Greene*, the district court found that the subject extrajudicial statements were substantially likely to prejudice the defendants' right to a fair trial due, in part, to "[t]he sheer number of interviews, press conferences, (national, state, and local) tweets, etc." by the plaintiff's attorneys about the case. In contrast, the extrajudicial statements complained of in the present motion were made

by Hoyle's attorneys in a single 32-minute press conference, and there is no showing as to the scope of the audience it may have reached. On the video recording of the press conference, there are visible a couple of microphones identifiable as those of two Memphis, Tennessee news media outlets – Fox 13 and CW 30, but there is no indication in the video or in the other materials before the court as to the extent to which these or other media outlets broadcasted the press conference or reported on it. Towards the end of the press conference, a few questions are asked by off-camera audience members, but they do not identify themselves or the news media outlets they represent, if any. Based on the evidence before it, the court cannot conclude that Hoyle's counsel's statements are substantially likely to prejudice the defendants' right to a fair trial, and a gag order is therefore unwarranted.

To the extent that Municipal Defendants request an order memorializing counsel's Rule 3.6 obligations, such an order is unnecessary. This court's local rules specifically adopt the Mississippi Rules of Professional Conduct and state that attorneys are subject to discipline for violating them. L.U.Civ.R. 83.5.

For these reasons, Municipal Defendants' Motion for Protective Order is DENIED.

SO ORDERED, this, the 27th day of December, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE