IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ADRIAN HOYLE                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:21-cv-00171-NBB-RP

CITY OF HERNANDO, MISSISSIPPI,
SCOTT WORSHAM, in his official capacity
as Chief of Police of the Hernando Police
Department, OFFICER LYNN BROWN,
individually and in his official capacity as
Hernando Police Officer, and OFFICER
HUNTER SOLOMON, individually and in
his official capacity as Hernando Police Officer                    DEFENDANTS

## <u>**MEMORANDUM OPINION**</u>

This cause comes before the court upon the defendants' motions for judgment on the pleadings or, alternatively, for summary judgment. Upon due consideration of the motions, responses, and applicable authority, the court is ready to rule.

<u>Factual Background and Procedural Posture</u>

This case arises from an incident that occurred on September 3, 2020, when Hernando, Mississippi Police Officer Lynn Brown observed a blue Chevrolet Malibu run a red light at a high rate of speed. Brown activated his emergency lights and attempted to stop the car. The car did not stop and instead led Brown and other officers who joined the pursuit on an eight-minute high-speed chase. During the chase, the car drove erratically, passed a number of vehicles, drove on the wrong side of the road, forced cars off the road, and nearly collided with other cars. The car eventually lost control and drove into a ditch but even then refused to stop and instead attempted to get back on the road, hitting both Officer Brown and Officer Hunter Solomon's vehicles in the process before finally coming to a stop.

The driver of this car was the plaintiff here, Adrian Hoyle, who later admitted to stealing the vehicle in Memphis. As Hoyle exited the vehicle, Officer Brown, concerned that Hoyle might be in possession of a weapon, deployed his canine. As the officers attempted to apprehend Hoyle, Hoyle resisted arrest. Ultimately the officers were able to secure Hoyle in handcuffs, and the canine was disengaged.

Hoyle was then taken to the hospital for treatment. He was charged with felony fleeing and possession of stolen property. Two charges of assault on a law enforcement officer were later added.

In June 2021, Hoyle entered into a plea agreement in which he pled guilty to felony fleeing in exchange for the other charges being remanded. In the factual basis provided by the prosecution in support of Hoyle's plea, Hoyle admitted to the following:

> (1) that he "operated [a] motor vehicle in a reckless manner with willful disregard for the safety of persons or property or in a manner manifesting extreme indifference to the value of human life[,]" specifically driving "at a high rate of speed" in an "erratic" manner, "passing vehicles, driving on the wrong side of the road, [and] forcing cars off the roadway nearly hitting other vehicles"; (2) that he "refuse[d] to bring [a] motor vehicle to a stop after being given a visible or audible signal [b]y Officer Lynn Brown . . . who had reasonable suspicion to believe that [Hoyle] had committed a crime"; (3) that he "well kn[ew] that Officer Lynn Brown was in fact a law enforcement officer acting within the scope of his duty"; (4) that he eventually "lost control, [ ] ran off the road[,]" and, when "officers tried to box him in[,]" he struck "both officers['] . . . vehicles" before "finally c[oming] to a stop"; and (5) that the "the officers deployed a K-9 to apprehend the suspect fearing [Hoyle] may have a weapon."

[Doc. 10-2 at pp. 8-9].

Hoyle filed a complaint in this court pursuant to 42 U.S.C. § 1983, asserting federal and state law claims on July 30, 2021. He amended his complaint on August 25, 2021. Hoyle initially asserted federal claims for civil rights violations, specifically unlawful seizure, excessive force, and violation of his due process rights. As to his federal claims, Hoyle has now

abandoned all but his excessive force claim which is based on the officers' deployment of the canine. He alleges state law claims of negligent hiring, supervision, and retention, as well as negligent and/or intentional infliction of emotional distress. The defendants have moved for judgment on the pleadings or, in the alternative, for summary judgment.

Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure, which provides for a motion for judgment on the pleadings, applies the same legal standard applicable to a motion to dismiss pursuant to Rule 12(b)(1) or 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). In considering such a motion, the court must accept the well-pleaded factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *See, e.g.*, *Cramer v. Skinner*, 931 F.2d 1020 (5th Cir. 1991). To prevent dismissal, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678).

"In considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to the contents of the pleadings, including attachments thereto. The 'pleadings' include the complaint [and] answer to the complaint." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015). As the defendants here have captioned their motion alternatively as a motion for summary judgment, the court may, however, consider matters outside the pleadings. *See Mackey v. Owens*, 182 F.3d 915, at *2 (5th Cir. 1999) ("[T]he simple

3

act of placing matters outside the pleadings before the court provides adequate notice that a motion to dismiss may be converted into a motion for summary judgment."). Further, the plaintiff here has made no objection to the court's considering the present motion under the alternative standard provided by Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56 the central question is whether the record evidence provides a viable basis for relief as opposed to looking to the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

<u>Analysis</u>

The court first notes that Hoyle has now abandoned any unlawful arrest claim under federal law, attempting only to preserve an excessive force claim against Officers Brown and Solomon and the City of Hernando. Hoyle expressly concedes the unlawful arrest claim. (*See* [Doc. 26, p. 12] "Hoyle did not mean to and did not believe that he alleged an unlawful arrest without probable cause.") The defendants argue Hoyle implicitly concedes his state law claims by failing to respond to the movants' arguments supporting dismissal. While a failure to defend claims in response to a dispositive motion normally results in dismissal of those claims for failure to prosecute, the record is not entirely clear that the plaintiff has indeed abandoned his state law claims. Regarding the state law claims, the parties filed a stipulation clarifying that the City of Hernando is no longer pressing its timing argument. [Doc. 23]. (The City originally argued that this suit was filed prematurely prior to expiration of the Mississippi Tort Claims Act's 90-day waiting period set forth in Miss. Code § 11-46-11.) The plaintiff does concede in the same stipulation that he seeks recovery for his state law claims against the City of Hernando only and not against the officers individually, but the court finds no clear intention on the part of the plaintiff to abandon his state law claims in their entirety.

4

Now turning to the only federal claim remaining in this action, this court finds that the plaintiff's federal claim of excessive force is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). According to *Heck*, a convicted criminal may not bring a claim under 42 U.S.C. § 1983 if success on that claim would necessarily imply the invalidity of a prior criminal conviction. *Id.* at 487. "In other words, a 'plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted.'" *Green v. City of Moss Point, Miss.*, 495 F. App'x 495, 498 (5th Cir. 2012).

Here Hoyle's complaint alleges that (1) Officer Brown pursued Hoyle "without cause or justification," (2) that Officer Brown "initiated a traffic stop by ramming his law enforcement vehicle into the vehicle operated by Hoyle," and (3) that "Officer Brown was not justified in his use of force and could not reasonably have believed in good faith that the deployment of the K-9 animal was warranted and/or necessary." By contrast, Hoyle's criminal conviction resulted from the following admissions by Hoyle which are in direct conflict with the allegations set forth in the complaint: (1) that Officer Brown "had reasonable suspicion to believe that [Hoyle] had committed a crime," (2) that Hoyle was the one who struck "both officers' vehicles before finally coming to a stop," and (3) that "the officers deployed a K-9 to apprehend the suspect fearing [Hoyle] may have a weapon." Each of these inconsistencies triggers *Heck*'s bar because "a judgment [in Hoyle's favor] would call into question the [prior] conviction." *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324-25 (5th Cir. 2004).

Notwithstanding the *Heck* bar, this court also notes that the Fifth Circuit has made clear that it is not constitutionally excessive to release a canine to effectuate an arrest, including situations where, as here, the suspect attempts to flee. *See, e.g.*, *Hinson v. Martin*, 853 F. App'x

926, 931 (5th Cir. 2021) ("It was objectively reasonable for [Officer] Martin to deploy Rex to conclude Hinson's evasion. Hinson has therefore failed to establish that Martin violated his Fourth Amendment rights by using Rex to apprehend him, and the district court erred by denying Martin summary judgment based on qualified immunity as to Hinson's claims insofar as they are based on the initial dog bite that brought him to the ground."). The Fifth Circuit's ruling is consistent with those in other jurisdictions as well. *See, e.g.*, *Hernandez v. Town of Gilbert*, 989 F.3d 739, 744 (9th Cir. 2021) (affirming summary judgment in a canine excessive force case where "[t]he evidence [was] undisputed that Hernandez fled from Officer Robinson and tried to lock himself inside his garage to avoid being arrested"). As the defendants in the case *sub judice* accurately note, the rationale undergirding these cases is threefold: that (1) canine deployment is a justified use of force to combat felony crimes; (2) canine deployment is justified in detaining a suspect who is fleeing; and (3) it is reasonable for an officer to treat a fleeing suspect as armed and dangerous. *See Hinson*, 853 F. App'x at 930-33; *Hernandez*, 989 F.3d at 744-47.

It is well settled that police canine bites are subject to Fourth Amendment excessive force analysis. *See, e.g.*, *Shumpert v. City of Tupelo*, 905 F.3d 310, 321-23 (5th Cir. 2018). As such, a plaintiff must show that he suffered an injury that resulted from force that was excessive to the need, i.e., "objectively unreasonable." *See Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). Not every exertion of force that may in hindsight seem unnecessary violates the Constitution. *See Jackson v. Gautreaux*, 3 F.4th 182, 186 (5th Cir. 2021). "The 'excessive' and 'unreasonable' inquiries require the court to exercise 'caution about second-guessing a police officer's assessment, made on the scene, of the danger presented by a particular situation.'" *Id.* (quoting *Ryburn v. Huff*, 565 U.S. 469, 477 (2012)). "The 'reasonableness' inquiry always requires the court to consider 'the crime's severity, the suspect's threat, and whether the suspect

is actively resisting arrest or trying to flee.'" *Id.* (quoting *Hutcheson v. Dallas County*, 994 F.3d 477, 480 (5th Cir. 2021)).

Applying this well-settled authority to the facts of this case, the court finds no viable excessive force claim in this case. As noted, however, the plaintiff's federal claim here is barred by *Heck* and is therefore ill-fated from the outset. Further, the court notes that the *Heck* bar applies to claims against defendants in both their individual and official capacities. *See, e.g.*, *Shaw v. Tex.*, No. A-20-CV-561-RP, 2020 WL 5366289, at \*3 (W.D. Tex. Sept. 8, 2020) ("Insofar as Plaintiff seeks monetary damages against Defendants in their individual capacities for his alleged illegal conviction, Plaintiff's claims are barred by *Heck v. Humphrey*."), *appeal dismissed*, No. 20-50814, 2020 WL 8922915 (5th Cir. Nov. 30, 2020). The court therefore finds that the federal claim against the defendants in their individual capacities should be dismissed.

In addition to their persuasive arguments regarding the *Heck* bar, the defendants correctly argue that any claims against the defendant officers in their official capacities are redundant. A suit against an officer in his official capacity is the same thing as a suit against the municipal defendant. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978) (A claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity.). Accordingly, when a plaintiff asserts a claim against both a municipal entity and a municipal officer in his or her official capacity, the court can dismiss the official capacity claim as "redundant" to the municipal-entity claim. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010).

As the plaintiff explicitly abandoned any federal claim except his claim of excessive use of force, and the court having found that claim to be *Heck*-barred and without evidentiary support, the court will dismiss the plaintiff's federal claim against all defendants with prejudice.

7

Because of the ambiguity regarding the plaintiff's intent to pursue his alleged state law claims, the court, declining to exercise supplemental jurisdiction over those claims, will dismiss the state law claims without prejudice.

<u>Conclusion</u>

For the foregoing reasons, the court finds that the defendants' motions for judgment on the pleadings or, alternatively, for summary judgment are well taken and should be granted. The plaintiff's federal claim will be dismissed with prejudice, and the plaintiff's state law claims will be dismissed without prejudice. A separate order in accordance with this opinion will issue this day.

This 27th day of September, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE