IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ADRIAN HOYLE,

    Plaintiff,

vs.                                      CAUSE NO.: 3:21-cv-171NBB-RP
                                                      JURY DEMANDED

CITY OF HERNANDO, SCOTT WORSHAM,
in his official capacity as Chief of Police of the
Hernando Police Department, OFFICER
LYNN BROWN, Individually and in his
official capacity as a Hernando Police Officer,
and OFFICER HUNTER SOLOMON,
Individually and in his official capacity as a
Hernando Police Officer

    Defendants.

PLAINTIFF, ADRIAN HOYLE'S, MEMORANDUM IN SUPPORT OF MOTION TO
ALTER OR AMEND COURT'S JUDGMENT ENTERED ON SEPTEMBER 27, 2022

COMES NOW, Plaintiff, Adrian Hoyle (hereinafter Hoyle) and files this his Memorandum in Support of his Motion to Alter or Amend the Court's Judgment Entered on September 27, 2022, (Doc. No. 54) and would respectfully state as follows:

This is Plaintiff's Motion for Reconsideration and Memorandum in Support thereof and is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Generally, a Motion filed within ten (10) days of judgment is treated as a Motion to Alter or Amend under Rule 59(e). This is because there is no "motion for reconsideration" in the Federal Rules of Civil Procedure. Rather, if filed within ten (10) days of a District Court's judgment, such a Motion is construed as filed pursuant to Rule 59(e). Motions filed outside the ten (10) day limitation would be

considered as a motion filed under Rule 60(b). See *Hamilton Plaintiffs v. Williams Plaintiff*, 147 F. 3d 367, 371 n. 10 (5th Cir. 1998).

A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. See *11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §2810.1* (2d ed. 1995).

The Memorandum Opinion (Doc. No.: 53) dismissing Plaintiff's entire federal case was based upon what is respectfully argued as an error of law and fact.

At page five (5) of its Memorandum Opinion (Doc. No. 53), this Honorable Court stated:

> Now turning to the only federal claim remaining in this action, this court finds that the plaintiff's federal claim of excessive force is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court went onto state:

> According to *Heck*, a convicted criminal may not bring a claim under 42 U.S.C. §1983 if success on that claim would necessarily imply the invalidity of a prior criminal conviction. *Id.*

First and foremost, the Defendants argued *Heck* as a bar, and the Plaintiff responded to the argument at page seven (7) of its Brief in response.

Without restating that argument, the Plaintiff herein would urge the Court to reconsider its ruling based on *Heck* in light of *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006). *Ballard* relied also on *Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000).

In *Ballard*, the criminal suspect ran from the police and was firing a rifle outside his vehicle's window while fleeing. Once stopped, the suspect pointed the rifle at the officers who then shot the suspect.

2

*Ballard* gave an exhaustive review of the requirements of the bar to recovery espoused in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

In that case, the Court of Appeals for the 5th Circuit found that even though the criminal suspect was guilty of assault upon the officers, finding the officers liable for unreasonable force, i.,e., assault, did not necessarily negate the criminal conviction. The logic being that both parties could be guilty of assaulting the other.

**Importantly, in this case, Plaintiff, Hoyle, did not plead guilty to assault**, but instead pled guilty to felony fleeing. He ran from the police. Once stopped, the alleged unnecessary force occurred. If a jury found Defendants, Lynn Brown and/or Hunter Solomon (hereinafter Brown and Solomon), guilty of excessive force, it would have no impact on Hoyle's conviction for running from the police. For that matter, the alleged admission of the factual basis for the guilty plea that Brown had reasonable cause to not only chase Hoyle but also release his dog would not be negated if a jury found that the extent of the canine apprehension or worse, the brutal assault by Solomon, would not negate the guilty plea, or the alleged facts giving rise to the guilty plea. Therefore, this Honorable Court's dismissal with prejudice of Hoyle's claim for excessive force relying upon *Heck* is misplaced, and a misapplication of the law of the 5th Circuit.

Secondly, and almost as importantly, aside from the canine attack and aside from the length of the canine attack, this Court did not address the facts which are in the record regarding Solomon.

In this case, the video of the apprehension of Hoyle was made a part of the record. (Doc. No. 11).

3

Hoyle assumes that the Court viewed and considered the video because reference is made to the car chase in the Court's Memorandum Order.[FN1] At the conclusion of that car chase, Solomon is seen striking Hoyle, while Hoyle is detained, with a closed fist. Also, indisputably, after Hoyle was handcuffed and lying on his back restrained, the video clearly depicts Solomon kicking and jumping on the chest of the suspect.

No reference is made by the Court to the video, or Solomon's conduct in this Court's Memorandum Opinion dismissing Hoyle's excessive force claim against Solomon.

At page six (6), the Court analyzed many of the canine apprehension cases cited in the 5th Circuit.

Each of these canine apprehension cases were briefed by both Plaintiff and Defendants regarding the "reasonableness" under the given circumstances.

It is respectfully argued that based upon the allegations of Hoyle's Complaint, in light of the canine apprehension cases briefed by not only Hoyle, the Defendants, and the Court, there remains a question of fact and law to determine whether or not once a suspect raises his hands in submission it is reasonable to not only allow a canine attack to apprehend, but leaving the canine in its attack during handcuffing. See *Hinson v. Martin*, No. 19-30243, 10 (5th Cir. Apr. 29, 2021); *Shumpert v. City of Tupelo*, 901 F.3d 310, 321-323 (5th Cir. 2018).

---

[1] In the Court's Memorandum Opinion, the Court began with "Factual Background and Procedural Posture." Regarding the facts of the stop, the narrative is exactly the narrative used by the Defendants in their Memorandum in Support of Motion for Summary Judgment beginning at page two (2) and carrying through page three (3)(Doc. No.: 13). It appears that the Court has adopted almost verbatim the Defendants' rendition of the traffic stop where the video of the actual chase and traffic stop are made a part of the record, and arguably sheds a different light on the arrest and the vicious attack by the canine and Solomon.

4

At page seven (7) of the Court's Memorandum Opinion, the Court states:

> As the plaintiff explicitly abandoned any federal claim except his claim of excessive use of force, and the court having found that claim to be *Heck*-barred and without evidentiary support, the court will dismiss the plaintiff's federal claim against all defendants with prejudice.

At the juncture upon which the Court was called upon to rule, the undisputed video of the apprehension was in the record, and a matter to be considered. Solomon's attack on the suspect while restrained in handcuffs was not mentioned by the Court, either as possible excessive force or whether or not the *Heck* doctrine applied. Solomon attacking Hoyle as alleged and as depicted in the video does not in any way negate the underlying guilty plea of Hoyle for felony fleeing, and is therefore, not *Heck*-barred.

For that matter, the apprehension by the canine in question, and as important, the maintaining of the bite upon the suspect also does not negate the underlying guilty plea of felony fleeing.

Finally, Hoyle, out of an abundance of caution, filed contemporaneously with his Response to the Motion for Summary Judgment, the Affidavits of Jared Zwickey and Adrian Hoyle.

Those Affidavits were not referenced in the Court's Memorandum Opinion, and it is not clear whether or not they were considered in the Court's ruling. However, a disputed issue of material fact was clearly created by the Affidavits as it relates to not only the conduct of Brown, but also the conduct of Solomon. In summation:

    1.    The 5th Circuit is clear. If a finding of excessive force does not necessarily invalidate the criminal conviction/plea, the §1983 case is <u>not</u> barred. *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006).

5

2. Solomon's vicious attacks captured on video and in this Court's record is not referenced by the Court at all, but presumably an action against Solomon, according to the Court, is barred because Hoyle admitted to fleeing the police. Dismissing Hoyle's excessive force case in its entirety pursuant to *Heck* would allow a manifest injustice to go unaccounted for. If the Court viewed the video of the sustained dog attack; Solomon striking Hoyle and Solomon jumping on Hoyle's chest while his hands are handcuffed behind him, dismissing the Plaintiff's claims for excessive force, based on a *Heck*-bar; no criminal suspect will be safe, and a manifest injustice will occur.

WHEREFORE, PREMISES CONSIDERED, Hoyle prays that the Court reconsider its ruling in light of *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006) and the video presentation of the apprehension and attack by Solomon especially in light of the fact of the uncontroverted expert proof placed in the record. (Doc. No.: 26).

Respectfully Submitted,

SPARKMAN-ZUMMACH, P.C.

*S/Martin Zummach*
Martin Zummach (MS #9682)
7125 Getwell Road, Suite 201
Southaven, MS 38671
662-349-6900 -- Office
662-349-6800 – Fax

*S/Murray Wells*
Murray Wells (TN #21749)
81 Monroe Avenue, Ste. 400
Memphis, TN 38103
901-507-2521 -- Office
901-507-1791 -- Fax

<u>Certificate of Service</u>

The undersigned certifies that on the 28th day of September, 2022, a copy of the foregoing document was electronically filed with court clerk using the CM/ECF System which sent notification of such filing to all counsel of record.

*<u>S/Martin Zummach</u>*