**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ADRIAN HOYLE**                                                                                                   **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO.: 3:21-cv-00171-NBB-RP**

**CITY OF HERNANDO,
MISSISSIPPI, ET AL.**                                                                **DEFENDANTS**

**RESPONSE IN OPPOSITION TO PLAINTIFF, ADRIAN HOYLE'S, MOTION TO
ALTER OR AMEND COURT'S JUDGMENT ENTERED ON SEPTEMBER 27, 2022**

Hoyle's "reconsideration" request has zero merit. *See* Doc. Nos. 54 & 55. Put simply, it does not come close to meeting the governing legal standard. All the filing does is re-argue things that this Court previously rejected, something that is not permitted in the Rule 59(e) context. *Compare* Doc. No. 55 *with O'Hara v. Travelers, Also Named, The Automobile Ins. Co. of Hartford, Conn.*, 2012 WL 12884579, *1 (S.D. Miss. 2012) (explaining that "motions for reconsideration 'should not be used to . . . re-urge matters that have already been advanced by a party'") (cleaned up). Hoyle's motion should be denied.

**I. Hoyle fails to acknowledge the "extraordinary" nature of his request.**

The federal rules "do not formally recognize a motion to reconsider." *Adaptix, Inc. v. Alcatel-Lucent USA, Inc.*, 2015 WL 12815316, *1 (E.D. Tex. 2015). But when, as here, such motions promptly follow the entry of final judgment, they are treated as ones to alter or amend the judgment under Rule 59(e). *Id*. Although a Rule 59(e) motion constitutes a request for "extraordinary" relief, *see, e.g., Kirby v. Bank of Am.*, N.A., 2012 WL 1601296, *1 (S.D. Miss. 2012) (quoting *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007)), Hoyle's filing fails to acknowledge the "extraordinariness" standard.

## II. Hoyle cannot satisfy the extraordinary Rule 59(e) standard.

The extraordinary relief Hoyle wants is limited to three circumstances: "Amending a judgment under Rule 59(e) is only appropriate when (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence that was previously unavailable; or (3) there was a manifest error of law or fact." *Kennedy v. Jefferson Cnty. Hosp.*, 689 F. App'x 371, 372 (5th Cir. 2017). Hoyle implicitly concedes that he cannot satisfy the applicable standard, as he only argues "an error of law and fact[,]" *see* Doc. No. 55 at p.2, not any "manifest" error. A manifest error is one that amounts to a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *see also Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004) (defining manifest error as an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law").

To be sure, rather than invoke any of the avenues contemplated by Rule 59(e), Hoyle merely repeats the same arguments this Court previously rejected. His specific claim is that this Court ignored *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006) and *Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000), *see* Doc. No. 55 at pp. 2 & 6, but those are the exact cases Hoyle relied on in response to Municipal Defendants' dispositive motion. *See* Doc. No. 26 at p.7. It is well settled that "Rule 59(e) is not a second bite at the summary judgment apple." *Factor King, LLC v. Block Builders, LLC*, 192 F.Supp.3d 690, 696 (M.D. La. 2016). Indeed, the Fifth Circuit has long been adamant that such motions may not be used "for rehashing evidence, legal theories, or arguments[.]" *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Hoyle's filing is plainly inappropriate under Rule 59(e).

2

**III. Not only is there no "manifest" error, this Court's ruling was correct.**

Rule 59(e) motions are not subject to de novo review. *Reality Income Corp. v. Golden Palatka, L.L.C.*, __ F. App'x __, 2022 WL 1517033, *3 (5th Cir. May 13, 2022) ("Rule 59(e) is 'an extraordinary remedy that should be used sparingly.'"). But even if they were, Hoyle's request would fail. This Court's decision to dismiss this case was imminently correct.

Significantly, there are many reasons why this case is meritless. Hoyle's reconsideration motion focuses on *Heck*, but this Court ruled both that Hoyle's case was *Heck* barred and that Hoyle's case was "without evidentiary support[.]" *See* Doc. No. 53 at p.7. Either was enough to mandate dismissal, but this Court was correct on both.

**Heck Bar.** Hoyle seemingly believes that *Heck* could not bar his case because he pled guilty to felony fleeing instead of assaulting a police officer. *See* Doc. No. 55 at p.3. But that is not how *Heck* works. What *Heck* is concerned with is the factual basis surrounding Hoyle's criminal charges. *See Arnold v. Town of Slaughter*, 100 F. App'x 321 (5th Cir. 2004). If the factual basis of the criminal conviction is incompatible with the theory advanced in the civil lawsuit, then *Heck* prohibits a collateral attack. *Id*. at 323-25. At page five of Doc. No. 53, this Court correctly compared Hoyle's guilty plea with his allegations in this lawsuit and determined that the two are incompatible. *See Aucoin v. Cupil*, 958 F.3d 379, 383 (5th Cir. 2020) (holding that *Heck* bars civil relief when a lawsuit "squarely challenges the factual determination that underlies [a criminal] conviction[,]" such that the civil lawsuit's allegations are "necessarily at odds with the conviction").

**Without Evidentiary Support.** Aside from *Heck*, Hoyle still was required to prove a constitutional violation. *See* Doc. No. 13 at p.5. He also had to defeat qualified immunity with respect to individual liability and had to demonstrate a municipal policy with respect to the City.

3

*Id*. This Court correctly held that Hoyle did none of these things. Doc. No. 53 at p.5 (acknowledging that Hoyle's case fails "[n]otwithstanding the *Heck* bar").

*Constitutional Violation*. At pages five through seven of Doc. No. 53, this Court set forth the constitutional standard that governs excessive force claims. It then correctly held that, "[a]pplying this well-settled authority to the facts of this case, the [C]ourt finds no viable excessive force claim[.]" Doc. No. 53 at p.7. Hoyle's reconsideration filing makes no effort to address constitutionality, instead focusing solely on *Heck*.

The reason Hoyle ignores the constitutional test is obvious: All three of the *Graham* factors cut against him. Municipal Defendants conducted an exhaustive discussion of each factor at Doc. No. 13 at pp.7-10 and Doc. No. 38 at pp.4-11. Then, after briefing closed, the Fifth Circuit closed the door on claims like Hoyle's in *Salazar v. Molina*, 37 F.4th 278 (5th Cir. 2022). Hoyle, at no point in this case, has ever demonstrated a constitutional violation.

*Qualified Immunity*. Having failed to demonstrate a constitutional violation, this Court had no reason to address qualified immunity. But qualified immunity provides yet another hurdle that Hoyle cannot overcome. At Doc. No. 13 at pp.10-12 and Doc. No. 38 at pp.11-16, Municipal Defendants explained why Hoyle could not possibly defeat the "powerful" defense of qualified immunity.

*Municipal Liability*. This Court likewise had no reason to address the additional *Monell* requirements, since Hoyle could not demonstrate the threshold requirement of a constitutional violation. But it too provides an additional hurdle in any event. At Doc. No. 13 at pp.12-16 and Doc. No. 38 at pp.18-25, Municipal Defendants addressed this added layer of protection for the City.

\* \* \* \*

This Court was able to review Hoyle's guilty plea and watch the video of Hoyle taking officers on a high-speed chase after stealing a car. That review made clear that Hoyle's allegations in the complaint were not true. Hoyle's lawsuit is *Heck* barred, but it fails on the merits as well.

## CONCLUSION

For the reasons explained here and in Doc. Nos. 53, 13, and 38, Hoyle's motion should be denied.

Dated: October 3, 2022.

                             **RESPECTFULLY SUBMITTED,**

                             **PHELPS DUNBAR, LLP**

BY:   */s/ G. Todd Butler*
         G. Todd Butler, MB #102907
         Mallory K. Bland, MB #105665
         4270 I-55 North
         Jackson, Mississippi 39211-6391
         Post Office Box 16114
         Jackson, Mississippi 39236-6114
         Telephone: (601) 352-2300
         Telecopier: (601) 360-9777
         Email: butlert@phelps.com
                 blandm@phelps.com

         **ATTORNEYS FOR MUNICIPAL DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that, on October 3, 2022, I had a copy of this document electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

<u>/s/ G. Todd Butler</u><br>
G. TODD BUTLER