# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ADRIAN HOYLE**                                                                                                                **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 3:21-cv-00171-NBB-RP**

**CITY OF HERNANDO, MISSISSIPPI, ET AL.**                     **DEFENDANTS**

### MUNICIPAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
### FOR ATTORNEY'S FEES

On September 27, 2022, this Court granted a Rule 12(c) motion and closed this case. Doc. Nos. 52 & 53. At the heart of this Court's ruling was that Hoyle's case was *Heck* barred and "without evidentiary support[.]" *See* Doc. No. 53 at pp.5-7. That conclusion mandated dismissal of Hoyle's constitutional claims without need to address the many other problems with Hoyle's case, including the qualified-immunity defense and the municipal-liability doctrine.

Municipal Defendants now request, in light of their prevailing-party status, an award of attorney's fees pursuant to 42 U.S.C. § 1988. Such fees are appropriate when a plaintiff has brought claims that are "frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009). In deciding if this standard is met, courts consider "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *See Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (emphasis omitted). Each factor supports a fee award here, as do the disturbing facts of this case and Hoyle's unreasonable litigation conduct.

### ARGUMENT

Hoyle stole a car and led police officers "on an eight-minute high-speed chase[,]" during which he "drove erratically, passed a number of vehicles, drove on the wrong side of the road,

forced cars off the road, and nearly collided with other cars." Doc. No. 53 at p.1. He "eventually lost control and drove into a ditch but even then refused to stop and instead attempted to get back on the road, hitting [two police] vehicles in the process before finally coming to a stop." *Id*. A canine eventually was released to apprehend him because, as Hoyle admitted during his subsequent guilty plea for felony fleeing, "the officers . . . fear[ed] [Hoyle] may have a weapon." *Id*. at p.2.

Notwithstanding these disturbing facts, Hoyle filed a civil lawsuit alleging excessive force. Doc. No. 8. And when he did so, his complaint failed to accurately depict what can be viewed on video and read from his guilty-plea transcript, in addition to engaging in a media campaign that this Court found "troubling" and in apparent violation of Mississippi Rule of Professional Conduct 3.6. *See* Doc. No. 50 at pp.3-4 (finding that the media comments "certainly appear to qualify as" impermissible). Hoyle's penalty should be that Defendants are awarded attorney's fees.

A recent decision from Judge Starrett is instructive. *See Loftin v. City of Prentiss*, 2021 WL 3179309 (S.D. Miss. 2022). In *Loftin*, $79,798.69 in fees were awarded to the defendants in a Section 1983 case. The court rejected the defendants' *Heck* defense but nonetheless held that the plaintiff failed to demonstrate a constitutional violation in a Section 1983 case, meaning that it was unnecessary to address qualified immunity or *Monell*. *Id*. at *1-2. The Fifth Circuit affirmed the award on appeal. *See Loftin v. City of Prentiss*, 33 F.4th 774 (5th Cir. May 12, 2022).

Municipal Defendants' fee request here is even more appropriate. In this case, *Heck* was found to bar Hoyle's case where that same defense was rejected in *Loftin*. But like in *Loftin*, this Court also found that there was no demonstration of a constitutional violation. Fees are

appropriate here under all three *Loftin* factors: (1) no *prima facie* case; (2) no settlement offers; and (3) no trial. *See Loftin*, 2021 WL 3179309 at *1 (quoting *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2022)).

**No Prima Facie Case.** A plaintiff's excessive force claim is governed by the factors set forth in *Graham v. Connor*, 490 U.S. 386 (1989). All cut against Hoyle here, leading to the conclusion that Hoyle's case was "without evidentiary support[.]" *See* Doc. No. 53 at pp.5-7. The Fifth Circuit has approved of attorney-fee awards to defendants where such evidence is found lacking. *See, e.g., Hunter v. City of Monroe*, 128 F. App'x 372 (5th Cir. 2005).

Underscoring the groundlessness of Hoyle's case is that this Court did not even have to utilize the qualified-immunity defense or the municipal-liability doctrine. Each would have provided alternative grounds to dismiss Hoyle's case, even if he could have overcome *Heck* or demonstrated a constitutional violation. The failure to even get to these steps in the analysis shows that Hoyle's case lacked any arguable merit from the start.

**No Settlement Offers.** Municipal Defendants made no settlement offers in this case and instead put Hoyle on notice early on that his case was meritless. Indeed, Municipal Defendants made clear by e-mail that the allegations included in the complaint were contradicted by a videotape and Hoyle's own admissions. *See* Doc. No. 43-3. Hoyle nonetheless pressed his meritless case, running up unnecessary expense.

**No Trial.** Of course no trial was held in this case. This Court instead granted a dispositive motion without need for discovery. Doc. Nos. 52 & 53. This factor, like the other two, weigh in Municipal Defendants' favor.

**Disturbing Facts/Unreasonable Conduct.** Not only does this case involve groundless legal claims, it involves disturbing facts. This Court's order details the outrageous conduct that

led to this lawsuit, including Hoyle's theft of a car followed by a dangerous "eight-minute high-speed chase[,]" during which Hoyle "drove erratically, passed a number of vehicles, drove on the wrong side of the road, forced cars off the road, and nearly collided with other cars." Doc. No. 53 at p.1. Even after losing control and driving in a ditch Hoyle "refused to stop and instead attempted to get back on the road, hitting [two police] vehicles in the process before finally coming to a stop." *Id*. This lawsuit centered on the deployment of a canine, but, as Hoyle admitted when pleading guilty to felony fleeing, "the officers . . . fear[ed] [Hoyle] may have a weapon." *Id*. at p.2.

Of equal alarm is the way Hoyle litigated. After Municipal Defendants filed their dispositive motion, Hoyle took to the media. Judge Percy's order at Doc. No. 50 explains that Hoyle's counsel "held a press conference during which they made a number of disparaging remarks about the defendants[,]" including calling Officer Brown "a 'cancer[,]'" that the Court found "troubling" and in apparent violation of Mississippi Rule of Professional Conduct 3.6. *See* Doc. No. 50 at pp.3-4 (finding that the media comments "certainly appear to qualify as" impermissible).

All of this seemingly appeared to be nothing more than a stunt to create settlement leverage. Two days after the presser, Hoyle's counsel e-mailed Municipal Defendants' counsel and stated that "the ability for the City to resolve these claims presents itself now as an opportunity that will no longer be available to the City as discovery progresses and our clients [are] more resolved towards trial." *See* Doc. No. 43-4. It further warned Municipal Defendants' counsel that "[i]t may be time for you to speak with the mayor and the city aldermen about a more realistic awareness of the serious nature of the potential damages to the City and it's [p]olice department and ask for candor in their actions and how to minimize loss, both

financially and in <u>reputation</u>." *Id*. (emphasis added). Municipal Defendants' counsel did not respond, choosing instead to stand behind the legal arguments that this Court ultimately found successful.

## CONCLUSION

Ultimately, it should be held that Plaintiff's lawsuit was "frivolous, unreasonable or groundless" and accordingly that Municipal Defendants are entitled to a fee award under § 1988 as prevailing parties. Municipal Defendants request, if granted, 14 days to request a specific amount of fees, supported by proper accounting and documentation, as has been done in other cases. *See Loftin*, 2021 WL 3179309.

Dated: October 7, 2022.

                                        Respectfully submitted,

                                        PHELPS DUNBAR, LLP

BY:    */s/ G. Todd Butler*
            G. Todd Butler, MB # 102907
            Mallory K. Bland, MB # 105665
            4270 I-55 North
            Jackson, Mississippi 39211-6391
            Post Office Box 16114
            Jackson, Mississippi 39236-6114
            Telephone: 601-352-2300
            Telecopier: 601-360-9777
            Email: butlert@phelps.com
                      blandm@phelps.com

            **ATTORNEYS FOR MUNICIPAL DEFENDANTS**

PD.33680962.2

**CERTIFICATE OF SERVICE**

    I do certify that, on October 7, 2022, I had a copy of this document electronically Filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                        */s/ G. Todd Butler*
                                        G. Todd Butler