IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ADRIAN HOYLE,

    Plaintiff,

vs.                                            CAUSE NO.: 3:21-cv-171NBB-RP
                                                       JURY DEMANDED

CITY OF HERNANDO, SCOTT WORSHAM,
in his official capacity as Chief of Police of the
Hernando Police Department, OFFICER
LYNN BROWN, Individually and in his
official capacity as a Hernando Police Officer,
and OFFICER HUNTER SOLOMON,
Individually and in his official capacity as a
Hernando Police Officer

    Defendants.

## PLAINTIFF, ADRIAN HOYLE'S, RESPONSE TO MUNICIPAL DEFENDANTS' MOTION FOR ATTORNEY FEES

COMES NOW Plaintiff, Adrian Hoyle, by and through counsel, and files this his Response to Municipal Defendants' Motion for Attorney Fees and Memorandum in Support of Motion for Attorney Fees [Doc. Nos.: 58 & 59] and would respectfully show unto the Court as follows:

### PROCEDURAL POSTURE

Currently pending is Plaintiff's FRCP 59(e) Motion to Alter or Amend the Court's Judgment. Plaintiff will not re-argue said motion here but would summarize by stating that the Memorandum Opinion [Doc. No.: 53] entered in the current litigation relied heavily on the fact that the Plaintiff had pled guilty to felony fleeing and admitted a factual basis for that guilty plea which the Court found runs afoul, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), of bringing suit for a civil rights violation premised on excessive force.

Plaintiff has filed his Motion to Alter or Amend the Court's Judgment, arguing, in summary, that a viewing of the video of the arrest and alleged excessive force by both Defendant, Hunter Solomon (hereinafter "Solomon") in punching, kicking and stomping the restrained Plaintiff, and Defendant, Lynn Brown (hereinafter "Brown") for engaging the Plaintiff with a canine and leaving that canine engaged even after Plaintiff was handcuffed is not a set of facts that should rightfully be dismissed. The events of the arrest occurred after the felony fleeing and the basis for the guilty plea should not have barred the Complaint pursuant to *Heck* or *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006). Those points aside, Plaintiff would state that with the pending FRCP 59(e) Motion to Alter or Amend the Court's Judgment, there is a good faith basis present that would support a denial of Defendants' Motion for Attorney Fees.

## LAW

"In any action or proceeding to enforce a provision of section ... 1983... of this title... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. "[C]ourts fulfill a dual role when enforcing civil rights. They must decide specific cases and controversies as well as articulate public policy. Accordingly, the judiciary looks beyond the litigants to the effect the judicial decision has on future litigants." *Dean v. Riser*, 240 F.3d 505, 511 (5th Cir. 2001) (internal punctuation and citations omitted). "It should empower trial courts to balance the concerns for encouraging vigorous enforcement of civil rights against discouraging frivolous litigation within the specific and unique context of each individual case." *Id.*

In the case at hand, and at this early juncture, Plaintiff's federal case has been dismissed. A viewing of the entire video of the arrest as opposed to exclusively the car chase will lead an objective viewer to conclude that law enforcement officers were excessive in their punches, kicks, stomps and dog

2

bites while the suspect was handcuffed with his hands behind his back. To then award Defendants' attorney fees against Plaintiff would clearly discourage the pursuit of such cases on behalf of other litigants that may not have agreed to a guilty plea to get out of jail.

The Supreme Court has referred to Plaintiffs in civil rights litigation as "private attorneys general," and noted that "Congress considered vigorous enforcement to vindicate civil rights a high priority and entrusted plaintiffs to effectuate this policy." *Id.*, 240 F.3d at 507.

The policy considerations behind awarding Plaintiff's attorney fees that prevail in a civil rights case are "inescapably absent" in the case of a prevailing civil rights defendant. *Id.* "[W]hile Congress wanted to make it easier for a plaintiff of limited means to bring a meritorious suit, it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Id.*

In the case at hand, the expert affidavit of Jared Zwickey, who is indisputably qualified to opine on arrests, human factors, and use of force, stated categorically that the conduct of Brown and the conduct of Solomon were clearly excessive applying any standard of law enforcement tactics. (Doc No.: 27, Page 32, ¶14).

"[A]ttorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit." *Id.* "A district court may award attorney's fees to a prevailing civil rights defendant only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* (citing *Christiansburg,* 434 U.S. at 421, 98 S.Ct. 694; *Hensley* 461 U.S. at 429 n. 2, 103 S.Ct. 1933).

"[I]n determining whether a plaintiff's action is frivolous or meritless, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Texas Tech Univ.*, 656

3

F.2d 1137, 1145 (5th Cir. 1981). Asserting a claim with "at least one issue of arguable merit" can be sufficient to defeat a finding of frivolity. *Id.* at 1146.

At a very early juncture in this pending litigation, both Defendants and Plaintiff provided the indisputable video of the arrest in question, and the Plaintiff filed the expert affidavit of Captain Zwickey which the Plaintiff would humbly argue would not only establish liability on the part of the individual officers for excessive force, but at the same time, provide every basis for denying attorney fees to the prevailing Defendants.

Merely dismissing a case is not a basis for granting Defendants' attorney fees. The Fifth Circuit in *Jones, supra*, stated:

> [T]he [Supreme] Court specifically warned district courts to 'resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.' Last year in *Hughes v. Roe*, 449 U.S. 5, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), the Supreme Court reaffirmed the principle that '(t)he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.' According to the Court, in order to meet the Christiansburg test, '(t)he plaintiff's action must be meritless in the sense that it is groundless or without foundation.'

In the case at hand, Hoyle was wrong in fleeing the police. Hoyle accepted criminal responsibility for fleeing from the police. Hoyle was punished for fleeing from the police. However, after fleeing from the police, at some point in the continuum, Hoyle was the victim according to his Complaint for excessive force. In support of that claim, the video filed by the Defendants in this case shows that with his hands up, Brown released his canine and left that canine engaged on Plaintiff's leg until long after Plaintiff was handcuffed with his hands behind his back. While that was happening, Solomon holstered his pistol and began striking Plaintiff in the face with his closed fist,

4

and then proceeded to step up and stomp on Plaintiff's chest while Hoyle was laying prone with his hands handcuffed behind his back.

In his affidavit filed with this court, Captain Zwickey stated:

> It is my professional opinion that the amount and the type of force Officer Brown and Officer Solomon used before and after the Plaintiff was placed in handcuffs while a police dog was biting the Plaintiff, was unnecessary, unreasonable, and excessive. It is equally disturbing that during much of the excessive force used by Officers Brown and Solomon that was captured on the video, the two unidentified officers stood by and watched the abuse but did not intervene. The officer's viewing Brown and Solomon's use of force exemplifies in the clearest terms either an absolute lack of proper training or worse, a custom and policy of the Police Department to violate the constitutional rights, with excessive force, a surrendered suspect. Based upon my years examining videos of interactions between police and suspects and my training and experience in Human Factors Analysis, it is my opinion that it is evident that Brown and Solomon were acting out of uncontrolled anger at having been led on car chase, and regardless if the suspect surrendered, they both were going to extract from the suspect physical pain and punishment. Both Brown and Solomon had no qualms about their use of excessive force in the presence of other Hernando officers, for no other obvious reason than they were comfortable that their conduct would not be stopped or reported. (Doc No.: 27, Page 32, ¶14)

At this juncture, Defendants and Plaintiff, through their counsel, disagree on whether or not this conduct on the part of the officers was excessive. The Court has concluded, without reference to Solomon striking the Plaintiff or the video filed in this cause, that there was no evidentiary support to bring the suit, and therefore dismissed the lawsuit primarily based upon the *Heck* doctrine.

Plaintiff would humbly argue that it would be excessively unfair considering the evidence presented in the record in this cause, to then saddle the Plaintiff with the attorney fees of the Defendant. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978).

Pursuant to *Christianberg* and even in light of the Court's Memorandum Opinion in this case, candidly, the Plaintiff had a reasonable ground for alleging excessive force against Brown and Solomon when one simply views the video of their interaction and considers the affidavit of the Plaintiff's expert.

This Honorable Court, in order to award attorney fees to Defendants, would have to conclude, among other important factors, that the evidence in the record thus far, coupled with the briefing submitted by Plaintiff, though not ultimately successful in defeating the Motion to Dismiss/Motion for Summary Judgment, was "so lacking in arguable merit as to be groundless or without foundation . . ." See *Jones, supra*.

42 U.S.C. § 1988 states that "the court, *in its discretion, may* allow the prevailing party" a reasonable fee, and, as such, does not mandate an award of attorney fees, even if the claims were in fact frivolous. In the case at hand, it is again humbly asserted that the claims of Plaintiff in light of the video in question and the expert affidavit is not frivolous, and further, even with the admitted factual basis in his guilty plea, the Plaintiff presented facts sufficient to show that the arrest, and the basis for the arrest, were concluded prior to the alleged excessive force of Brown and Solomon, and therefore, this case, as filed by the Plaintiff, is far from frivolous.

If, in fact, this Honorable Court deems the claims of Plaintiff to be frivolous, Plaintiff does not have the means to satisfy an award of attorney fees, and Plaintiff's counsel sincerely requests leniency and requests that Defendants' motion for fees be denied.

The expenditures thus far of Plaintiff's counsel in retaining experts early in the litigation can never be reimbursed by the individual Plaintiff, and from an equitable and leniency standpoint, counsel for Plaintiff would pray that the Defendants' Motion for Attorney Fees be denied.

## CONCLUSION

Plaintiff, by and through counsel, would respectfully pray that the Court deny Defendants' Motion for Attorney Fees.

Respectfully Submitted,

SPARKMAN-ZUMMACH, P.C.

*S/Martin Zummach*
Martin Zummach (MS #9682)
7125 Getwell Road, Suite 201
Southaven, MS 38671
662-349-6900 -- Office
662-349-6800 -- Fax

*S/Murray Wells*
Murray Wells (TN #21749)
81 Monroe Avenue, Ste. 400
Memphis, TN 38103
901-507-2521 -- Office
901-507-1791 -- Fax

Certificate of Service

The undersigned certifies that on the 17th day of October 2022, a copy of the foregoing document was electronically filed with court clerk using the CM/ECF System which sent notification of such filing to all counsel of record.

*S/Martin Zummach*