**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ADRIAN HOYLE**                                                                          **PLAINTIFF**

**VS.**                           **CIVIL ACTION NO.: 3:21-cv-00171-NBB-RP**

**CITY OF HERNANDO, MISSISSIPPI, ET AL.**              **DEFENDANTS**

**MUNICIPAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR ATTORNEY'S FEES**

The oppositional response does not dispute that all relevant factors applicable to this motion weigh in Municipal Defendants' favor – namely, "whether the plaintiff established a prima facie case, whether the defendant[s] offered to settle, and whether the court held a full trial." *See Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (emphasis omitted). That alone is enough to grant Municipal Defendants' request. *See Muslow v. Bd. of Supervisors*, 2022 WL 1642137, *17 (E.D. La. 2022) (explaining that "failure to address" an argument "constitutes [a] concession"). Municipal Defendants will not regurgitate Doc. No. 59 but instead highlight five points.

*First*, Hoyle ignores the most recent Fifth Circuit authority that is specific to this motion, *Loftin v. City of Prentiss*, 2021 WL 3179309 (S.D. Miss. 2022), *affirmed by*, 33 F.4th 774 (5th Cir. May 12, 2022). He does so because he knows *Loftin* presented a less obvious case for fees than this one. Hoyle relies on general propositions from *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978), but even *Christiansburg* made clear that Congress "wanted to protect defendants from burdensome litigation having no legal or factual basis." That is the circumstance here, confirmed by *Loftin*.

*Second*, Hoyle is silent on the disturbing way this case was litigated. He does not address clear contradictions between the allegations in his complaint when compared to the video evidence and guilty plea transcript. Nor does he mention his media ploy that Judge Percy found "troubling" and in apparent violation of Mississippi Rule of Professional Conduct 3.6. *See* Doc. No. 50 at pp.3-4 (finding that the media comments "certainly appear to qualify as" impermissible). All of it was done for the apparent purpose of creating settlement leverage and running up litigation costs. *See* Doc. No. 43-4.

*Third*, Hoyle's pending reconsideration motion is irrelevant. Municipal Defendants explain in Doc. No. 56 why the request is improper under the governing Rule 59(e) and simply a recycled version of arguments this Court already considered and rejected. The reconsideration motion is just another attempt to create expense in this meritless case.

*Fourth*, it does not matter that Hoyle's counsel paid a non-lawyer "captain" to provide an irrelevant legal opinion. Hoyle argues that his case was not groundless because he retained an expert to comment on the evidence, but he offers no authority explaining why the captain's thoughts matter. The reason is simple: they do not. It is well settled that whether force is excessive or not is a legal conclusion that is <u>not</u> subject to expert opinion testimony. *See McBroom v. Payne*, 478 F. App'x 196, 200 (5th Cir. 2012). In fact, prevailing defendants are entitled to recover their expert witness fees, *see Christiansburg*, 434 U.S. at 421, so it certainly is not the rule that a plaintiff can avoid fees just because he or she hires an expert witness to give an inadmissible legal opinion.

*Fifth*, Hoyle contradicts himself by, on the one hand, saying that he "does not have the means to satisfy an award of attorney['s] fees" but then, on the other hand, arguing that fees should not be awarded because his counsel retained experts that should be reimbursed. *See* Doc.

No. 60 at p.6. Those statements appear to suggest that any money Hoyle has should be used to pay counsel who brought this meritless case as opposed to Municipal Defendants who were required to defend frivolity. That of course is not the law.

For these five reasons, as well as those urged in Doc. No. 59, Municipal Defendants request that their motion be granted.

Dated: October 19, 2022.

        Respectfully submitted,

        PHELPS DUNBAR, LLP

BY:    */s/ G. Todd Butler*
        G. Todd Butler, MB # 102907
        Mallory K. Bland, MB # 105665
        4270 I-55 North
        Jackson, Mississippi 39211-6391
        Post Office Box 16114
        Jackson, Mississippi  39236-6114
        Telephone: 601-352-2300
        Telecopier: 601-360-9777
        Email: butlert@phelps.com
                blandm@phelps.com

        **ATTORNEYS FOR MUNICIPAL DEFENDANTS**

## CERTIFICATE OF SERVICE

I do certify that, on October 19, 2022, I had a copy of this document electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                                                */s/ G. Todd Butler*
                                                                G. Todd Butler