IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION


ADRIAN HOYLE                                                                           PLAINTIFF

V.                                              CIVIL ACTION NO. 3:21-cv-00171-MPM-RP

CITY OF HERNANDO, MISSISSIPPI, SCOTT WORSHAM,
in his official capacity as Chief of Police of the Hernando Police
Department, OFFICER LYNN BROWN, individually
and in his official capacity as a Hernando Police Officer,
and OFFICER HUNTER SOLOMON, individually and
in his official capacity  as a Hernando Police Officer                    DEFENDANTS


**ORDER**

This case recently fell on this court's docket in an unexpected manner, with the sudden retirement of Judge Biggers.  Presently pending in this case are two motions, filed almost a year ago, which fall on this court's "six month list" under the Civil Justice Reform Act and which thus require expedited consideration.

The first motion for this court's consideration presents a highly unusual procedural situation, namely a motion to reconsider a ruling which this court did not make.  In that motion, plaintiff argues that Judge Biggers erred in dismissing this case on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994) preclusion.  In considering plaintiff's briefing, it appears to this court that he has a good faith argument that Judge Biggers' conclusion that plaintiff's prevailing in this lawsuit would "necessarily imply" the invalidity of his criminal conviction runs afoul of the Fifth Circuit's decision in *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006).  At the same time, it is apparent that Judge Biggers carefully considered his ruling, and it is not clear to this court that he erred in dismissing this case.

1

In so stating, this court notes both its very high regard for Judge Biggers' judgment and knowledge of the law, and it also notes that he had the opportunity to consider this case for a far greater period of time than is available to this court. Under these circumstances, this court concludes that the best course of action is for plaintiff to take his arguments to the Fifth Circuit, which will conduct its own *de novo* review of the summary judgment issues in this case. Once it has done so, the parties will have a firm and conclusive ruling regarding whether Judge Biggers erred in dismissing this case, and they will be able to proceed accordingly. This court concludes that this case does not present the sort of extraordinary circumstances which might cause it to vacate the carefully considered order of a different judge, however, and plaintiff's motion to reconsider will accordingly be denied.

This court also has before it a rather unusual motion for attorneys' fees filed by the municipal defendants, as the prevailing parties. While attorneys' fees are far more commonly sought by prevailing *plaintiffs*, such fees may be appropriately awarded to a defendant when a plaintiff has brought claims that are "frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009). This court has carefully reviewed Judge Biggers' summary judgment order, and it finds no language in his ruling which would support a conclusion that this case is "frivolous, unreasonable or groundless." Indeed, this court has previously noted its view that the *Heck* issues in this case are rather close ones, and this conclusion militates against an award of attorneys' fees. In so stating, this court notes that the Fifth Circuit's decision in *Ballard* illustrates that the application of *Heck*'s bar is often problematic in the case of excessive force claims, which tend to raise issues separate and distinct from the validity of a plaintiff's arrest and conviction. In this vein, one treatise notes that:

> [T]here is now a split between the circuits as to whether *Heck* applies in suits for excessive force against police officers when brought by individuals who have been

2

> convicted. However, *Heck* would not seem to apply to such claims: whether the police used excessive force is completely distinct from whether the defendant committed the crime.

Chemerinsky, Erwin. Aspen Treatise for Federal Jurisdiction (Aspen Treatise Series) (p. 551).

It is thus apparent that some very noted commentators are of the view that *Heck* should not apply to excessive force claims at all, and this court reiterates its view that the *Heck* issues in this case are close ones. This court further concludes that plaintiff's allegations of excessive force in this case are not what it would characterize as "frivolous." Indeed, plaintiff writes in his brief that:

> Hoyle assumes that the court viewed and considered the video because reference is made to the car chase in the Court's Memorandum Order. At the conclusion of that car chase, Solomon is seen striking Hoyle, while Hoyle is detained, with a closed fist. Also, indisputably, after Hoyle was handcuffed and lying on his back restrained, the video clearly depicts Solomon kicking and jumping on the chest of the suspect.

[Brief at 4]. This court does not regard these as frivolous allegations of excessive force, and it accordingly concludes that this is not one of the rare cases in which the awarding of attorneys' fees to a defendant is appropriate. The municipal defendants' motion for attorneys' fees will therefore be denied.

In light of the foregoing, it is ordered that plaintiff's motion to reconsider is denied, and defendants' motion for attorneys' fees is likewise denied.

This, the 15th day of August, 2023.


/s/ Michael P. Mills
U.S. DISTRICT COURT